**Lester L. LUHRING and Betty W. Luhring, Appellants,**

v.

**Clifford W. GLOTZBACH, District Director of Internal Revenue, Appellee.**

No. 8527.

United States Court of Appeals Fourth Circuit.

Argued March 22, 1962.

Decided May 28, 1962.

George H. Bowers, Jr., Norfolk, Va. (William C. Baskett and Bowers & Baskett, Norfolk, Va., on brief), for appellants.

Giora Ben-Horin, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attorneys, Department of Justice, Claude V. Spratley, Jr., U. S. Atty., and Roger T. Williams, Asst. U. S. Atty., on brief), for appellee.

4. The original contract provided for payment 60 days after completion.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

Lester L. and Betty W. Luhring, husband and wife, brought suit against the District Director of Internal Revenue at Richmond, Virginia, to enjoin the collection of additional income taxes assessed against them for the taxable years 1957 and 1958. They alleged that notices of deficiency had not been mailed to them at their "last known address" under 26 U.S.C. § 6212(b) [1], and hence that the assessment of the taxes and their collection was illegal and subject to injunction under 26 U.S.C. § 6213(a) [2]. A temporary restraining order was issued by the District Court and a hearing was held on the taxpayers' motion for a preliminary injunction at which the testimony of Walter G. Grigg, Jr., an Internal Revenue agent assigned to the District Director at Richmond, was received; but, on November 9, 1961, the District Court denied the motion, and from that ruling the taxpayers appeal.

There is little if any dispute over the facts which may be summarized as follows.

In 1958 and 1959 the taxpayers filed timely joint federal income tax returns for the taxable years 1957 and 1958, respectively, with the District Director at Richmond, Virginia, giving their address in the former return as 121 Sir Oliver Road, Norfolk, Virginia, and in the latter, as 628 Barcliff Road, Norfolk, Virginia. In June, 1959, the taxpayers moved to 941 Eucalyptus Street, Sebring, Florida, and in March, 1960, they moved from that address to 245 Algiers Avenue, Lauderdale-by-the-Sea, Florida. They filed a forwarding address with the Post Office in Sebring, but no change of address for either move was ever filed with the District Director at Richmond.

In April of 1960, the taxpayers filed a joint return with the District Director at Jacksonville, Florida, for the taxable year 1959, which stated their address correctly in Lauderdale-by-the-Sea, and refunds subsequently found to be due thereon were mailed to them at that address from the Internal Revenue Service Center in Kansas City, Missouri. In December of that year they also received at their Lauderdale address an instruction booklet, "Federal Income Tax Forms For 1960", containing income tax return forms. Again in 1961 the taxpayers filed a return for the taxable year 1960, and received a refund in the same manner as in 1960.

In late 1960 or early 1961, Agent Grigg, while investigating the returns of the taxpayers for the years 1957 and 1958, discovered that they no longer lived in Norfolk. He asked Lester L. Luhring's brother for the taxpayers' new address, but the brother refused to disclose it. Thereafter, the agent learned of the tax-

1. "§ 6212. *Notice of Deficiency*

"(a) *In general.*—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

"(b) *Address for notice of deficiency.*—

"(1) Income and gift taxes.— * * * notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter, even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." (as amended Sept. 2, 1958, 72 Stat. 1661, 1665)

2. "§ 6213. * * *

"(a) *Time for filing petition and restriction on assessment.*—Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer * * *. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

payers' Sebring, Florida, address from the Post Office Department in Norfolk, and prior to April 1, 1961, a statutory notice of deficiency was mailed to the taxpayers at that address by certified mail. However, the certified mail was not called for and was returned to the District Director at Richmond on or about April 20, 1961, marked "unclaimed". No other notice of deficiency was mailed to the taxpayers, and they did not at any time receive a copy of the notice.

In July, 1961, the taxpayers received on Forms 17–A notices and demands of payment of additional taxes assessed on July 14, 1961, in the amount of $1,-295.04, plus interest, for the year 1957, and $1,390.73, plus interest, for the year 1958. These forms had been mailed from the District Director at Richmond to the taxpayers' Sebring, Florida, address, and had been forwarded to them at their Lauderdale-by-the-Sea address by the Post Office. Shortly thereafter, on August 4, 1961, the taxpayers instituted the present action.

■ The sole question is whether the notice of deficiency for the years 1957 and 1958 was mailed to the last known address of the taxpayers within the meaning of the statute. If this was done the notice was valid even though it was not actually received by the taxpayers. Pfeffer v. Commissioner, 2 Cir., 272 F. 2d 383; Commissioner v. Rosenheim, 3 Cir., 132 F.2d 677. Ordinarily a notice of deficiency is sent to the address of the taxpayer shown on his return. In this case the taxpayers had moved from the Norfolk address shown on their return without notifying the District Director. The Internal Revenue agent in charge of the examination of the returns found that the taxpayers were no longer at the Norfolk address and, upon inquiry at the Norfolk Post Office, was given their Sebring address. In his report on the case he gave this address to the District Director and, accordingly, the notice of deficiency for the years 1957–1958 was sent to Sebring. The taxpayers do not dispute that the notice was sent to the address last known to the tax officials at Richmond, but they con-

tend that this was not their last known address within the meaning of the statute because their later address at Lauderdale-by-the-Sea was known to the tax officials who processed their tax returns for subsequent years, and since the notice was not sent to this address their liability for additional taxes has not been validly established.

■ We are in agreement with the District Judge that this position is untenable. We must bear in mind the vast domain over which the Commissioner of Internal Revenue, as the delegate of the Secretary of the Treasury, presides in the performance of his duties, and the numerous tax officials whom a taxpayer, moving from place to place within the United States may encounter in the examination of the tax returns which he is obliged to file from year to year. The statute, 26 U.S.C. § 6091(b) (1) requires that individual returns shall be made in the Internal Revenue District in which is located the legal residence or principal place of business of the person making the return; and when the examination of a return by the tax officials in that District indicates that there is a deficiency in the tax shown in the return, certain procedural steps, looking toward an adjustment, are customarily taken and if they fail the notice of deficiency provided by § 6212 must be sent to the taxpayer.

This is a most important step since an assessment and collection of additional taxes cannot be made without it, and it fixes the liability of the taxpayer for the deficiency unless he contests it by a timely petition to the Tax Court for redetermination of the deficiency under § 6213, or pays the deficiency and sues for refund under § 7422. The statute, however, does not require service of actual notice upon the taxpayer but merely the mailing of the notice to him by certified or registered mail at his last known address. Obviously this procedure is designed to take care of the continual movement of taxpayers throughout the country in following their pursuits, and it gives warning to them of the risk they take if they change the residence or place of business shown on the return without

notifying the tax officials in the place where the return has been filed. No one questions the power of Congress to make this provision in consideration of the administrative difficulties involved in the discharge of the Commissioner's duties, and we think that the statute should be so construed as to hold a notice of deficiency valid if it is sent to the address shown on the taxpayer's return and the local officials have no knowledge of a change of address, even though the tax officials in another District have been notified that the address has been changed. Especially must this be so if the new address appears on the tax returns filed in the new District of which the tax officials in the old District have no knowledge. In the case at bar the notice was adequate since it was sent to the address last known to the agents in the District where the return was filed.

The prevailing opinion of the courts has recognized this point of view.[3] Thus, in Clark's Estate v. Commissioner, 2 Cir., 173 F.2d 13, it was held that a notice of deficiency in estate taxes sent to the administratrix of the estate at the address in New York City given on her estate tax return was sufficient although she subsequently moved to Boston, Mass., and there filed personal income tax returns giving her address in that city. Moreover, she had communicated with the Internal Revenue at New York in regard to taxes on gifts made in Massachusetts, giving her Boston address, and the attorney acting for her in her capacity as administratrix had written to the New York tax officials asking for an extension of time to file a protest and stating that the extension was needed because the taxpayer then resided in Boston.

In Marcus v. Commissioner, 12 T.C. 1071, the taxpayers in 1946 filed a tax return for 1945 in Brooklyn, N. Y., and later in 1946 moved to California where they subsequently filed tax returns for 1946, giving their California address and stating that their return for 1945 had been filed in New York. The Commissioner sent a notice of tax deficiency for 1945 to their New York address and this was held to be a sufficient compliance with the statute. See also Commissioner v. Rosenheim, 3 Cir., 132 F.2d 677; Birnie v. Commissioner (1951), 16 T.C. 861; Goldstein v. Commissioner (1954), 22 T.C. 1233.

The authorities on which the taxpayers rely are not actually at variance with this position. They emphasize particularly Welch v. Schweitzer, 9 Cir., 106 F. 2d 885, where it was held that a notice of deficiency was invalid which had been sent to the taxpayer's address in Los Angeles shown on his return for the taxable year, filed with the Collector of Internal Revenue in that city, for the reason that the taxpayer had moved to a new address in the city and had set it out in his tax returns for subsequent years to the same Collector. In addition, the examining agents connected with the Los Angeles office had audited the return for the earlier years at the taxpayer's new address and had reported this address to the supervising Internal Revenue Agent at San Francisco. Obviously, the information contained in the later tax returns and that acquired by the responsible examining agents of the Internal Revenue in the area were properly imputable to the Commissioner of Internal Revenue. Slavin v. United States, (D.C.C.D.Cal.1952), 45 AFTR 1168 and 1256, and Carbonne v. Commissioner, (1947), 8 TC 207, cited by taxpayers, throw no additional light on the problem.

The judgment of the District Court is affirmed.

Affirmed.

---

3. The apposite decisions here cited were rendered under provisions of the Internal Revenue laws prior to the Internal Revenue Code of 1954. However, that Code reenacted the provisions of the 1939 Code in substantially identical language and the legislative history records that no material change from the then existing law was intended. 1954 U.S.Code Cong. and Adm.News, pp. 4552, 5222; and see Gregory v. United States, 57 F.Supp. 962, 973–974, 102 Ct.Cl. 642, for prior legislative history.