Patricia N. WALSH, Plaintiff,

v.

UNITED STATES of America, Jerome Kurtz, Commissioner of Internal Revenue, and C. Dudley Switzer, District Director, St. Paul District of United States Internal Revenue Service, Defendants.

Civ. No. 4–80–384.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 11, 1981.

D. Kenneth Lindgren and Peter K. Beck, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., for plaintiff.

Thomas K. Berg, U. S. Atty., and Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., and David A. Slacter, Trial Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM INCORPORATING FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

MacLAUGHLIN, District Judge.

This case arises out of attempts by the United States to collect taxes which it

claims are due from the plaintiff, Patricia N. Walsh. On July 15, 1980, plaintiff moved for an order temporarily restraining defendants from continuing efforts to collect the alleged deficiencies. Defendants agreed to cease such efforts pending a hearing on plaintiff's motion for a preliminary injunction. Subsequently, counsel for all parties agreed that the preliminary injunction motion would be consolidated with trial on the merits, pursuant to Federal Rule of Civil Procedure 65(a)(1).

Therefore, the following constitutes the Court's final findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a). This is a suit arising under 26 U.S.C. § 6213.

## FACTUAL BACKGROUND

Plaintiff and her husband, Jack R. Walsh, timely filed a joint federal income tax return for the tax year 1965. Their address as reflected on the return was 1112 Highridge Road, Lombard, Illinois 60148. Plaintiff and her husband resided at the Lombard address during 1965 and for the next several years. Neither plaintiff nor her husband filed federal income tax returns for the years 1966 or 1967. They did not again file tax returns, jointly or separately, until they filed for tax year 1976 in February of 1977.

The Walsh tax return for 1965 was not correct. Plaintiff's husband participated in a number of business transactions during 1965, 1966, and 1967 that produced additional and unreported income. Jack Walsh was indicted for tax evasion for those three years, pled guilty to the charges, and in December of 1972 was sentenced to four years imprisonment and was fined $30,000.

Jack Walsh began his incarceration at the Federal Correctional Institute located in Sandstone, Minnesota, on January 3, 1973. In October of 1973, plaintiff moved from the residence in Lombard, Illinois to 409 Park Avenue, Sandstone, for the purpose of being near her husband.

Plaintiff's husband was released from the Sandstone prison in January of 1976, but was immediately taken to state prison in Joliet, Illinois, to serve a term for fraud.

He was released from incarceration in October of 1976. Thereupon, he returned to Minnesota where he resided with his wife and children at the 409 Park Avenue address in Sandstone. Plaintiff, her husband, and their children have continued living there up to the present time.

On June 12, 1978, plaintiff received a document from the Internal Revenue Service entitled "Statement of Adjustment to Your Account." This Statement indicated that the plaintiff and her husband owed the United States $64,909.07 in taxes, including penalties and interest, for the tax year 1965.

Subsequent to plaintiff's receipt of the Statement of Adjustment, the IRS began to file liens against plaintiff's property and bank accounts in Minnesota and Illinois. During this period of time, plaintiff's lawyers explored whether the plaintiff had received a "notice of deficiency," required by 26 U.S.C. §§ 6212 and 6213(a). The IRS was unable to produce such a notice. Plaintiff thereupon filed this suit on July 15, 1980. Later, as will be discussed below, defendants' counsel produced a notice of deficiency sent by certified mail to plaintiff's Lombard, Illinois, address on November 17, 1976. The envelope indicates that the notice was returned as undeliverable by the Post Office because no forwarding address was on file.

Plaintiff's counsel have responded to this revelation with a number of arguments as to why plaintiff is still entitled to an injunction. These arguments will be discussed, *seriatim.*

## THE AUTHENTICITY OF THE NOTICE OF DEFICIENCY

Plaintiff argues that defendants offered no testimony from anyone responsible for the preparation of the notice of deficiency nor from the person or persons responsible for its mailing. Plaintiff therefore submits that the evidence is not sufficient to establish that a notice of deficiency was, in fact, mailed.

■ The Court finds that the notice was indeed mailed. The IRS administrative file pertaining to plaintiff's 1965 tax year contains the original notice of deficiency and several copies. Bernard Wyfels of the IRS testified that it is standard practice to place an undeliverable notice and several copies of the original notice in such files. The file also contains the envelope in which the notice was mailed, which indicates that it was sent by certified mail number 786074 to plaintiff and her husband at the Lombard address. The Court received Defendants' Exhibit D, a Post Office certified mail form which indicated that certified mail number 786074 was mailed to plaintiff and her husband at the Lombard address on November 17, 1976.

The Court thus has no doubts that the notice of deficiency introduced at trial is authentic and was mailed.

KNOWLEDGE OF PLAINTIFF'S ADDRESS

Plaintiff next argues that the notice of deficiency was not sent to her "last-known address."

■ At the outset, it should be noted that a taxpayer need not actually receive the notice of deficiency for the purposes of 26 U.S.C. § 6212. *Morse v. Internal Revenue Service*, 635 F.2d 701 (8th Cir., 1980); *Brown v. Lethert*, 360 F.2d 560, 562 (8th Cir. 1966). Rather, the issue is whether the Lombard address was "last-known" for the purpose of notifying Patricia Walsh. *See Clodfelter v. Commissioner of Internal Revenue*, 527 F.2d 754, 757 (9th Cir. 1975), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976); *Luhring v. Glotzbach*, 304 F.2d 556, 558 (4th Cir. 1962); *Cohen v. United States*, 297 F.2d 760, 773 (9th Cir. 1962).

■ The burden is on the taxpayer to show that the notice was not sent to the last-known address. *Green v. United States*, 437 F.Supp. 334, 337 (N.D.Okla. 1977); *Butler v. District Director of Internal Revenue*, 409 F.Supp. 853, 856 (S.D.Tex. 1975). Plaintiff has not met this burden.

■ No evidence was adduced at trial to indicate that the IRS had actual knowledge of plaintiff's move to Sandstone. Plaintiff did establish that she had filed a change-of-address form with the Post Office, had some correspondence with the District Court that sentenced her husband, and applied for Minnesota welfare benefits. But there was no proof that these minimal contacts with governmental authorities provided actual notice to the IRS of her move to Sandstone.

Plaintiff also proved that she was custodian of a trust fund in the name of her son, but this did not provide the IRS with actual notice. Although copies of Form 1099, which reports interest paid on the trust fund account, were forwarded to the IRS for the years 1973 to 1975, and although the Sandstone address is listed, plaintiff's name does not appear on the forms. It would be unreasonable to expect the IRS to check such forms and on the basis of the information thereon to conclude that Timothy Walsh is plaintiff's son and that they live at the same address.

Plaintiff also testified that an explosion which destroyed the Lombard residence in 1974 received a substantial amount of publicity. However, there was no evidence that any IRS personnel were notified of publicity which contained plaintiff's new address.

■ At trial one instance of direct IRS contact with the plaintiff came to light. On November 3, 1976, Dennis Smith, Jack Walsh's parole officer, who knew that Jack and Patricia Walsh lived in Sandstone, received a telephone call from Ronald Nimmer, an IRS special agent located in Chicago, Illinois. Nimmer indicated that he was conducting an investigation into possible criminal violations by third parties with whom Jack Walsh had had business dealings. Nimmer was not investigating Jack Walsh or the plaintiff, and neither asked for nor received any information relating to Patricia Walsh.

Subsequent to Nimmer's exploratory call, on November 15, 1976, Kathleen Budd, an IRS special agent in St. Paul, Minnesota, contacted parole officer Smith and received Jack Walsh's address and phone number.

Again, the plaintiff was not discussed. Budd arranged to have David Leiser, another special agent, interview Jack Walsh. The interview took place on November 20, 1976. Present was Leiser, Jack Walsh, and Jack Senander, a special agent who accompanied Leiser but who did not speak with the plaintiff. Neither the tax situation of Jack Walsh nor of Patricia Walsh was discussed, as Leiser was not aware that the Walshes had any tax difficulties of their own.

Under the circumstances, the visit by the IRS agents to the Sandstone address did not constitute actual notice to the IRS of plaintiff's address. The agents were unaware of the tax situations of Jack or Patricia Walsh; it would have been unreasonable and unnecessary for them to ask plaintiff how long she had lived in Sandstone for the purpose of updating the IRS' files. A contrary holding would all but compel each IRS employee to keep a listing of the addresses of all persons with whom he came in contact and to distribute such lists on a nationwide basis.

In the alternative, plaintiff argues that if the IRS did not have actual notice of plaintiff's correct address, it failed to exercise reasonable care and diligence in ascertaining the address. Specifically, plaintiff contends that it would have been relatively easy for the IRS to contact federal prison or probation authorities to ascertain plaintiff's current address.

The Court is reluctant to impose such a burden on the IRS, for several related reasons.

First, plaintiff did not fulfill her duty to notify the IRS of her change of residence. Her husband had been incarcerated for income tax violations for the tax year 1965, a year in which she affixed her signature to a joint return. Under the circumstances, she had a duty to furnish the IRS with a "clear and concise notification concerning a definite change of address," *Budlong v. Internal Revenue Service*, 58 T.C. 850, 852 (1972). *See Luhring v. Glotzbach*, 304 F.2d 556, 558–59 (4th Cir. 1962) (taxpayer takes risk if he does not notify IRS of address change); *Kaestner v. Schmidt*, 329 F.Supp. 1082, 1084–85 (C.D.Cal.1971), aff'd, 473 F.2d 1294 (9th Cir. 1973) (even if IRS knows taxpayer is no longer at residence, it need only send notice to that address if taxpayer does not provide new mailing address).

Second, the IRS had access to an address on plaintiff's most recent tax return (tax year 1965), which was the last address the IRS was sure of and which was presumptively valid. *Alta Sierra Vista, Inc. v. Commissioner of Internal Revenue*, 62 T.C. 367, 374 (1974), aff'd, 538 F.2d 334 (9th Cir. 1976); *Austin v. Voskuil*, 493 F.Supp. 780, 785 (E.D.Mo.1980). IRS personnel had no particular reason to believe that plaintiff would move to be near her husband during his imprisonment, and that plaintiff would continue to live in that place after her husband's release.[1]

Third, the purpose of the Anti-Injunction Act is to protect the government's ability to assess and collect taxes with a minimum of pre-enforcement judicial interference. *Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *Morse v. Internal Revenue Service*, 635 F.2d 701 (8th Cir., 1978). The burdens on the IRS to investigate current taxpayer addresses should be kept to a reasonable minimum.

1. In this regard, this case is distinguishable from *Keeton v. Commissioner of Internal Revenue*, 74 T.C. 377, ⁋ 74.24 P-H T.C. (1980), upon which plaintiff heavily relies. In *Keeton*, the wife moved to be near her husband, who was incarcerated in the federal penitentiary in Leavenworth, Kansas. However, the wife had also been convicted of income tax evasion, so she moved subject to the jurisdiction of the federal probation authorities near Leavenworth. Consequently, the Internal Revenue Service "had notice of petitioners' convictions, Roy's resulting surrender and incarceration, and Shirley's resulting probationary status." Under those circumstances, the IRS had a duty to inquire of the probation officials as to the wife's address. In the instant matter, plaintiff was not convicted of income tax evasion and the IRS and other federal officials had no duty to remain aware of her address. Also, in *Keeton*, for whatever relevance it might have (*see* n. 2, *infra*), the husband was still incarcerated when the notice of deficiency was sent. In contrast, Jack Walsh was released from prison prior to the time the IRS sent the notice of deficiency to the Lombard address.

In sum, this taxpayer failed to notify the IRS of an address change, the IRS had no actual notice of the change, and the notice was sent to an address used in the most recent tax return. In this fact situation, the IRS had no duty to contact prison or probation officials who may or may not have been aware of the address of plaintiff.[2]

## STATUTE OF LIMITATIONS

Plaintiff next states that the notice of deficiency is "defective on its face" because the statute of limitations has expired with respect to the government's claim against her. The government has assessed plaintiff for a deficiency arising out of her 1965 tax return. 26 U.S.C. § 6501(a) provides that ordinarily a tax deficiency must be assessed within three years after the return is filed. If the amount excluded from gross income is more than 25 percent, a six-year statute of limitations applies, 26 U.S.C. § 6501(e)(1)(A). Plaintiff notes that in this case, the assessment clearly occurred more than three or six years subsequent to plaintiff's 1965 tax return.

The Anti-Injunction Act, 26 U.S.C. § 7421(a), ordinarily precludes injunctive relief on such a ground. However, in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court determined that injunctive relief may be granted "if it is clear that under no circumstances could the Government ultimately prevail ... [and] the central purpose of the Act is inapplicable...." 370 U.S. at 7, 82 S.Ct. at 1129.

■ In this case, it is not clear that the government will not prevail against the plaintiff on the statute of limitations issue. 26 U.S.C. § 6501(c)(1) states that:

In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

The statute speaks in terms of "returns," not persons, and the government will likely show that the joint return of Jack and Patricia Walsh was false or fraudulent. 26 U.S.C. § 6013(d)(3) provides that if a joint return is made, the tax computed and the liability with respect to that tax shall be "joint and several." Thus, Patricia Walsh may be liable for the deficiency, even if she herself did not actually commit the fraud. *See Vannaman v. Commissioner of Internal Revenue,* 54 T.C. 1011 (1970); *Howell v. Commissioner of Internal Revenue,* 175 F.2d 240, 241–42 (6th Cir. 1949).

■ Plaintiff's response is that she is an "innocent spouse" under 26 U.S.C. § 6013(e). But even if one presumes that the alleged tax deficiency was more than 25 percent of the Walshes' gross income and that plaintiff did not know of, and had no reason to know of, the understatements of income, it is possible that the government could prove that plaintiff "significantly benefited directly or indirectly from the items omitted from gross income" and that it would not be inequitable to hold her liable for the deficiency, 26 U.S.C. § 6013(e)(1)(C). *See Kirtley v. Bickerstaff,* 488 F.2d 768 (10th Cir. 1973), *cert. denied,* 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974) (allegedly "innocent" spouses not entitled to injunction).

Therefore, under *Enochs,* no injunction against the government should issue on the statute of limitations ground because it is not clear that under no circumstances could the government prevail against plaintiff.

## DISCOVERY

At trial plaintiff's counsel urged that further discovery be allowed, on two grounds: first, that there are portions of IRS administrative files that were not provided to plaintiff, and second, that one IRS agent named in interrogatories had not been deposed.

---

**2.** Plaintiff notes that the notice of deficiency for tax year 1965 was addressed to both plaintiff and her husband. She posits that the IRS had a duty to contact her husband's parole officer for the address at which he was living, and that had they done so, plaintiff would have received the notice at that address. But this lawsuit deals with the rights and duties of the IRS vis-a-vis Patricia Walsh, not as against her husband. Whether or not the IRS exercised reasonable care and diligence in ascertaining Jack Walsh's address is irrelevant to whether or not the IRS fulfilled its statutory duty with respect to plaintiff.

The Court is satisfied that plaintiff has had ample discovery and that she is prejudiced on neither of the two grounds. With regard to the files, counsel for the government articulated convincing reasons as to why any files withheld were irrelevant to this proceeding. With regard to the IRS agent, counsel for the government stated that the agent was located in Illinois and could be deposed there. Plaintiff's counsel responded that plaintiff could not afford to have counsel travel to Illinois to depose the agent. The government is, of course, under no obligation to bring the agent to Minnesota for a deposition.

Consequently, plaintiff's suggestion that there be further discovery must be denied.

*ORDER FOR JUDGMENT*

Accordingly, IT IS ORDERED that plaintiff's motions for preliminary and permanent injunctions be and hereby are denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted be and hereby is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.