MERLIN L. MOLLET, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3633–83.     Filed April 18, 1984.

---

[6]See also Rev. Rul. 81–126, 1981–1 C.B. 206.

*Shannon M. O'Toole*, for the petitioner.
*Dale L. Newland* and *Gerald W. Leland*, for the respondent.

KÖRNER, *Judge*: This matter is before the Court on cross-motions by the parties to dismiss for lack of jurisdiction. Petitioner's motion is based upon the alleged failure of respondent to send his statutory notice of deficiency with respect to the years 1978 and 1979 to petitioner at his last known address, as required by section 6212(b)(1).[1] Respondent's motion to dismiss is based upon the alleged failure of petitioner to file his petition in this Court within 90 days of the issuance of respondent's statutory notice of deficiency, as required by section 6213.

Argument on both motions was heard at a trial session of the Court at St. Paul, Minn. The record consists of attachments to respondent's motion to dismiss and testimony and exhibits received at the hearing.

### FINDINGS OF FACT

At the time of filing his petition herein, petitioner was a resident of St. Petersburg, Fla.

For a number of years prior to the years which are before the Court and continuously up to the time of trial herein, petitioner has been employed as a commercial airline pilot at Republic Airlines (and its predecessor North Central Airlines). The home base of this airline is at the Minneapolis-St. Paul

---

[1] All statutory references herein are to the Internal Revenue Code of 1954 as in effect in the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Airport, and most of the flights which petitioner flew either began or terminated there.

In addition to his employment as an airline pilot, petitioner, at some time prior to 1976, acquired a tract of farmland near Farmington, Minn., where he built a home and commenced a horse breeding and training operation known as Mollet's Quarter Horse Farm. Petitioner established his residence there, and his individual income tax returns for the years 1976 through 1979 were filed from that location, shown on his returns as Route 2, Farmington, Minn. 55024.[2]

In early 1979, petitioner's returns for the years 1976 and 1977 were assigned for examination to respondent's revenue agent Harold Shogren, located in the town of Edina, Minn. During the course of this examination, which lasted from January 1979 until June 1980, Mr. Shogren met with petitioner at least twice, and also met with petitioner's representative, Mr. John F. Dolezal, C.P.A., of Bethel, Minn. In addition, he talked to petitioner on the telephone at various times concerning the issues involved in his case. In these conversations, as well as other attempts to reach petitioner by telephone or correspondence, Mr. Shogren used petitioner's telephone number or mailing address in Minnesota, where petitioner had a maid and an answering service to receive calls on the many occasions when he was not at home; his flying duties caused him to be away from home frequently. In June 1980, and prior to completing his work with respect to petitioner's years 1976 and 1977, Mr. Shogren visited petitioner at the farm in Farmington, at which time petitioner indicated to him that he was considering selling the farm and moving the horse operation to Florida. Mr. Shogren was aware that petitioner owned a condominium in Florida, which he visited from time to time. He was apparently not told of any specific dates or locations as to when or where this move would take place.

Mr. Shogren's proposed adjustments to petitioner's income for the years 1976 and 1977 involved, inter alia, the disallowance of claimed losses with respect to the Mollet Quarter Horse Farm operation. This result being unsatisfactory to petitioner, he took an administrative appeal within the Internal Revenue Service, and on June 9, 1981, petitioner and his

---

[2]Although the returns for these years are not in evidence, the parties appear to be in agreement that this was the address shown. It will hereinafter be referred to as the "Minnesota address."

representative Mr. Dolezal had a conference with respect to the years 1976 and 1977 with respondent's appeals officer Alfred J. Anderson, in St. Paul, Minn. Mr. Anderson was made aware at the conference that petitioner was planning to sell his Minnesota farm and move his horse operation to Florida at some future date.

Since the parties were unable to reach a mutually satisfactory settlement of the case involving 1976 and 1977, respondent issued his statutory notice of deficiency with respect to these years on December 8, 1981, addressed to petitioner at the Minnesota address. In response thereto, petitioner timely filed a petition with this Court on March 8, 1982 (docket No. 5151–82), in which petitioner, without challenging the propriety of the address used in respondent's statutory notice, alleged that he was an individual with legal residence at 4904 38th Way South, St. Petersburg, Fla. 33711. Respondent's answer to this petition, filed April 5, 1982, neither admitted nor denied petitioner's allegation of Florida legal residence, but alleged that petitioner's last known address at the time of mailing of the statutory notice was the Minnesota address. No reply thereto was filed by petitioner.

A week before the issuance of respondent's statutory notice with respect to the years 1976 and 1977, respondent's revenue agent Tom Healy, also located in Edina, Minn., began an examination of petitioner's tax returns for the years 1978 and 1979. Since the principal issue for these 2 years was the same as that presented for the years 1976 and 1977, Mr. Healy discussed the case with appeals officer Anderson. On December 3, 1981, he sent a form letter to petitioner at the Minnesota address, setting up an appointment to meet with petitioner at Mr. Healy's office on December 28, 1981, and requesting petitioner to produce certain books and records for his examination. He also called petitioner regarding this appointment and sent him a follow-up note reminding him of the appointment, on December 17, 1981, all at the Minnesota address. Petitioner did not keep the appointment, but called Mr. Healy on the afternoon of December 28, 1981, explaining that he was out of town and unable to keep the appointment.

Mr. Healy also had one or two telephone conversations with petitioner's representative Mr. Dolezal. Since Mr. Dolezal did not have a power of attorney to represent petitioner for the

years 1978 and 1979, Mr. Healy felt that he was not free to discuss the merits of these years with Mr. Dolezal, and their conversations were apparently limited to a discussion of the fact that the same principal issue for the years 1976 and 1977 was under review in the Internal Revenue Service, and for this reason, it might not be worthwhile to make an extensive examination of the same issues for 1978 and 1979. In these conversations, Mr. Dolezal did not tell Mr. Healy that petitioner had moved his residence to Florida, nor did he supply Mr. Healy with a Florida address.

On February 23, 1982, Mr. Healy concluded that he would prepare his report for the years 1978 and 1979 on the basis of disallowing the claimed losses concerning Mollett's Quarter Horse Farm, and his revenue agent's report containing this as well as other adjustments was mailed to petitioner at the Minnesota address on March 11, 1982. This report was largely based upon the investigation and findings of revenue agent Shogren for the years 1976 and 1977.

The record does not disclose that there was any further communication between petitioner, or his representative, and Mr. Healy, and on September 15, 1982, respondent's statutory notice for the years 1978 and 1979 was issued, was mailed to petitioner at the Minnesota address, and was received there. At some later undisclosed date, the statutory notice was found in a drawer at petitioner's farm in Minnesota, either by petitioner's daughter or housekeeper, and was forwarded, unopened, to Mr. Dolezal,[3] who received it after the 90-day period for filing a petition with this Court had expired. Petitioner then mailed his petition to the Court in the instant case on February 18, 1983, attaching a copy of said notice of deficiency as required by Rule 34, and alleging once again that his legal residence was at 4904 38th Way South, St. Petersburg, Fla. 33711. The petition was received and filed by the Court on February 22, 1983. Respondent's motion to dismiss for lack of jurisdiction, on the ground of the late filing of the petition herein, then followed, and petitioner countered with a cross-motion to dismiss for lack of jurisdiction, on the ground that respondent's statutory notice had not been sent to his last address known to respondent.

---

[3]Petitioner had left standing instructions that correspondence on tax matters was to be forwarded to Mr. Dolezal.

Seven months after the issuance of respondent's statutory notice in the instant case, on April 15, 1983, respondent's Collection Office in Doraville, Ga., sent form collection letters to petitioner at 4904 38th Way South, St. Petersburg, Fla. 33711, regarding the alleged unpaid deficiencies in tax for the years 1978 and 1979, and similar collection letters were also sent to petitioner at the same address for these years on May 6, 1983. At no time did petitioner or Mr. Dolezal give specific written notification to respondent's representatives, with whom they were dealing, that petitioner had changed his mailing address to Florida.

OPINION

The parties each have moved the Court to dismiss this case for lack of jurisdiction, but on different grounds. Respondent moves to dismiss for petitioner's failure to file a petition with this Court within the 90-day period mandated by section 6213(a). Petitioner, on the other hand, moves to dismiss for the alleged failure of respondent to send his statutory notice of deficiency to him for the years 1978 and 1979 at his "last known address," as required by section 6212(b)(1). A valid statutory notice and timely filing of the petition are both jurisdictional in this Court, and we can and must resolve them. *Shelton v. Commissioner*, 63 T.C. 193 (1974). We will consider petitioner's motion first.

Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if it is mailed to the taxpayer's "last known address." Although that term is not otherwise defined in the Code, we stated, in *Looper v. Commissioner*, 73 T.C. 690, 696–697 (1980):

A taxpayer's "last known address" is that address to which, in light of all the facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967); *Lifter v. Commissioner*, 59 T.C. 818, 821 (1973). Taxpayers are required to send a clear and concise notification directing respondent to use a different address to be assured of effecting a change in the "last known address." *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374–375 (1974), and cases collected therein. If the notice is properly mailed to the "last known address," respondent has done all the law requires; it is then irrelevant that petitioner did not receive the notice in time to file a petition in this Court within the 90-day (or 150-day) period prescribed by section

6213. Sec. 6212(b)(1); *Delman v. Commissioner, supra* at 933; *Lifter v. Commissioner, supra* at 823.

We further said, in *Alta Sierra Vista, Inc. v. Commissioner,* 62 T.C. 367, 374 (1974), affd. 538 F.2d 334 (9th Cir. 1976), that the "last known address" was—

the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications * * *. The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address * * *. And while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address * * *, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address * * *. "The last known address thus becomes a matter of proof in each case in which the question arises." *Maxfield v. Commissioner,* 153 F.2d 325, 326 (C.A. 9).

See also *Weinroth v. Commissioner,* 74 T.C. 430, 435 (1980); *Berger v. Commissioner,* 404 F.2d 668, 671 (3d Cir. 1968), affg. 48 T.C. 848, cert. denied 395 U.S. 905 (1969).

In support of his position that the statutory notice of deficiency herein was not mailed to him at his last known address (that is, the last address known to respondent), petitioner relies upon three distinct and factually unrelated contentions:

(1) He contends that he clearly, although orally, notified revenue agents Healy and Shogren, and appeals officer Anderson, of his change of address to Florida at the time of his conferences with them; and he contends that he gave the same oral notification over the telephone to respondent's representatives in the District Director's Office in St. Paul, as well as in Atlanta, all prior to the issuance of the statutory notice of deficiency herein.

(2) He contends that respondent was given adequate and sufficient notice of his change of address when petitioner filed his individual income tax returns for 1980 and 1981 with respondent's Service Center in Ogden, Utah, showing his new Florida address.

(3) He contends that respondent was adequately informed in writing of his change of address to Florida by petitioner's filing of a petition in this Court on March 8, 1982, in docket No. 5151–82, in which petitioner stated that his legal residence was 4904 38th Way South, St. Petersburg, Fla. 33711.

We will address these contentions in turn, noting that in these matters, the burden of proof is on the petitioner. *Alta Sierra Vista, Inc. v. Commissioner, supra; Budlong v. Commissioner*, 58 T.C. 850 (1972); *Walsh v. United States*, 507 F. Supp. 808 (D. Minn. 1981); Rule 142(a).

## I. Oral Communications to Respondent's Representatives

Admitting that he never gave *written* notification to respondent's representatives with whom he had contact of his change of address to Florida, petitioner nevertheless testified that he conveyed this information to them orally, either in person or by telephone, prior to the time the statutory notice herein was mailed to the Minnesota address.

Of the five representatives of respondent whom petitioner claimed to have contacted, two were revenue agents Healy and Shogren, and one was appeals officer Anderson, all of whom took the stand, and, while acknowledging that they had had telephone and personal contacts with petitioner, testified that he had not given them any new Florida address with instructions to direct further correspondence to him there. Their contemporaneously prepared records of their activities and contacts with petitioner in connection with the tax years under their jurisdiction, which were put in evidence, likewise contain no record of a new mailing address being furnished to them. The fourth of respondent's representatives, Mrs. Zweber, a taxpayer's service representative answering telephone calls from taxpayers requesting information, and located in St. Paul, Minn., testified that she had no record or recollection of any telephone call from petitioner. The fifth alleged representative whom petitioner claims to have contacted, another taxpayer's service representative in Atlanta, Ga., was not called as a witness by either side.

While oral notification, which is sufficiently clear, to a proper representative of respondent will, if established by competent proof, be sufficient to constitute a proper change of address notice for purposes of section 6212 (*Cohen v. United*

*States*, 297 F.2d 760 (9th Cir. 1962), cert. denied 369 U.S. 865), we must hold on this record that petitioner has failed to carry his necessary burden of proof to establish that such a clear and concise change of address notice was orally given to any of respondent's representatives, as petitioner claims.

In his extensive testimony on the subject of the various contacts that he had with respondent's representatives, it is noteworthy that petitioner at no time ever testified as to the specific address in Florida which he claimed to have conveyed to respondent's representatives. It may be because petitioner could not remember it himself. Exhibits introduced by the petitioner at trial indicate that for 1980, he notified his employer, Republic Airlines, that his address for income tax withholding purposes was 303 A–2 Pine Ridge Cr., Green Acres City, Fla. 33463, whereas for the year 1981, he notified Republic Airlines that his address was 4050 Pompano Drive Southeast, St. Petersburg, Fla. 33705. In his petition in docket 5151–82, as well as the petition in the instant case, petitioner alleged that his address was 4904 38th Way South, St. Petersburg, Fla. 33711, but at the time he took the stand and testified herein, he stated that his address was 9400 82d Avenue North, St. Petersburg, Fla.

It is the function of the trial Court to measure credibility and choose which witness is to be believed. *DeWelles v. United States*, 378 F.2d 37 (9th Cir. 1967). Without implying in any way that petitioner here was being intentionally untruthful, we must simply hold, given the conflict of testimony in this record, and there being no other independent substantiation of petitioner's testimony, that he has failed to carry his necessary burden of proof to establish that he gave clear and concise oral instructions to any representative of respondent regarding his change of address to Florida prior to the issuance of the statutory notice herein.

## II. Alleged Address Shown on Returns for Later Years

Petitioner next alleges that he gave adequate notice of his change of address to Florida to respondent by filing individual income tax returns for the years 1980 and 1981 showing his new Florida address with respondent's Service Center at Ogden, Utah, which filings were accomplished prior to the issuance of the statutory notice herein.

We and other courts have stated that the mere filing of a return for a subsequent year, and prior to the issuance of a statutory notice showing a different address, is not by itself sufficient to constitute notice to respondent of a change of address for purposes of section 6212(b)(1), and that respondent is therefore entitled to rely on the address shown by the return for the year under audit. *Luhring v. Glotzbach*, 304 F.2d 556 (4th Cir. 1962); *Budlong v. Commissioner*, 58 T.C. 850 (1972); see *Crum v. Commissioner*, 635 F.2d 895, 899 (D.C. Cir. 1980). In the Ninth Circuit, however, a rule appears to have developed to the effect that a return subsequently filed with the same service center which received the return under audit, which later return shows a new address, can constitute adequate notice to the respondent of a new address for purposes of section 6212(b)(1). *Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939); *Cohen v. United States, supra*; compare *Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir. 1982).

Fortunately, we need not resolve this apparent conflict in the present case. The best and uncontrovertible evidence of the address shown on petitioner's 1980 and 1981 returns was the returns themselves, which petitioner unaccountably did not put in evidence. Even in his testimony, petitioner did not go beyond saying that these returns contained his new Florida address. He never said what that address was. Given the fact that petitioner in this record has claimed four different Florida addresses in the period between the time he claims to have moved to Florida, in October 1979, to the time of his testimony herein, June 26, 1983, a period of less than 4 years, we are in no position to make any finding of fact as to what address was shown on his returns for 1980 and 1981. His argument based on notifying respondent of a new address through subsequently filed returns therefore fails for lack of proof.

### III. Alleged Notification to Respondent Through Pleadings in This Court

Petitioner's final and most serious contention is that he gave the necessary clear and concise notification to respondent of his change of address to Florida, for purposes of section 6212, in his petition which he filed with this Court on March 8, 1982, in docket 5151–82, involving his years 1976 and 1977 in which

he alleged that his "legal residence" was at 4904 38th Way South, St. Petersburg, Fla. 33711. Service of this petition was made on the Chief Counsel of the Internal Revenue Service in Washington, D.C., by the Clerk of this Court, under the provisions of Rule 21(b). A timely answer was thereafter filed by respondent, through his counsel located in St. Paul, Minn., on April 5, 1982, which specifically neither admitted nor denied petitioner's allegations as to his legal residence.

Whereas it has been held that clear notification to, or knowledge by, any agent of respondent within the same Internal Revenue District of a new address for a taxpayer is sufficient (*McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir. 1981), revg. an unreported order of this Court; *Weinroth v. Commissioner*, 74 T.C. 430 (1980)), we are unwilling to extend such a holding to attorneys of the Chief Counsel's Office who are representing respondent in another case for other years. The Chief Counsel's Office and his attorneys are ultimately responsible to the General Counsel of the Treasury and the Secretary of the Treasury for their activities in respect of litigation, and become respondent's "agents" only when they are called upon to represent respondent. Sec. 7801. While knowledge which such attorneys acquire in the course of their representation of respondent is properly to be imputed to respondent under well-known principles of agency, such imputation is only with respect to facts which are within the scope of their agency. See *United States v. Hanna Nickel Smelting Co.*, 253 F. Supp. 784, 793 (D. Ore. 1966), affd. 400 F.2d 944 (9th Cir. 1968); *Camous v. Commissioner*, 67 T.C. 721, 731–733 (1977). At the time the petition in docket 5151–82 was filed by petitioner in this Court, involving petitioner's years 1976 and 1977, the instant case, involving 1978 and 1979, had not yet been begun, and there is no evidence that the Chief Counsel's Office or any of his attorneys had any involvement with it in the audit division of the District Director's Office, or knew anything about it.

We do not think that petitioner's claims as to his "legal residence" in March 1982, when his petition in docket 5151–82 was filed, is fairly to be imputed to respondent's District Director 6 months later, when another statutory notice was issued to petitioner covering other years (cf. *Luhring v. Glotzbach, supra*), nor do we consider that such allegation in

the petition for prior years constitutes a "clear and concise" direction to respondent to use such address in the future for all purposes. See *United States v. Zolla*, 724 F.2d 808 (9th Cir. 1984). "Legal residence" may or may not be the location of a taxpayer's principal place of business or the location to which he wants his business correspondence, including tax notices, sent. Cf. *Brown v. Commissioner*, 78 T.C. 215 (1982); *McCormick v. Commissioner*, 55 T.C. 138 (1970). We have held that knowledge obtained by respondent's collection division as to a taxpayer's address is not necessarily chargeable to the audit division responsible for issuing statutory notices (*Kuebler v. Commissioner*, T.C. Memo. 1979–95; see *United States v. Zolla, supra*).[4]

Thus, we hold that petitioner's allegations of his legal residence, in his petition in an unrelated and unconsolidated docket in this Court, are not to be imputed to respondent's District Director in Minnesota who was responsible for issuing the statutory notice in this case, and that, in any case, it was not the clear and concise notification of a change of address which section 6212 requires. *Looper v. Commissioner, supra; Alta Sierra Vista, Inc. v. Commissioner, supra.*

In sum, we hold that petitioner has failed to show that the statutory notice herein was not mailed to his last address known to respondent within the meaning of section 6212(b)(1). That being the case, timely mailing is all that is required; actual receipt by the petitioner is not essential to the validity of the notice. *Luhring v. Glotzbach, supra; Cataldo v. Commissioner*, 60 T.C. 522 (1973), affd. 499 F.2d 550 (2d Cir. 1974); *Looper v. Commissioner, supra.* It follows that petitioner's motion to dismiss for lack of jurisdiction must therefore be denied.

Turning now to respondent's motion to dismiss, section 6213(a) requires, with one exception not relevant here, that a taxpayer file a petition for redetermination with this Court within 90 days after the mailing of the notice of deficiency. This requirement is jurisdictional. *Shipley v. Commissioner*,

---

[4]In the instant case, the first indication of respondent's knowledge of a Florida address for petitioner was the issuance of collection notices for the years 1978 and 1979 by the Collection Division of respondent's Office in Doraville, Ga., on Apr. 15, 1983, 7 months *after* the issuance of the statutory notice herein. Standing alone, such notices have no probative weight as to what respondent's District Director in Minnesota knew at the time the statutory notice was issued. Cf. *Wallin v. Commissioner*, T.C. Memo. 1983–52, on appeal (9th Cir., Apr. 11, 1983).

572 F.2d 212 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; *Price v. Commissioner*, 76 T.C. 389 (1981); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). An untimely petition precludes this Court from exercising jurisdiction over the matter. *Denman v. Commissioner*, 35 T.C. 1140 (1961). The statutory notice herein was issued to petitioner on September 15, 1982, but the petition herein was not mailed to the Court until February 18, 1983, and was not received by the Court until February 22, 1983. It was therefore clearly untimely under the specific provisions of section 6213(a) or 7502. Respondent's motion to dismiss for lack of jurisdiction will therefore be granted.

*An appropriate order of dismissal for lack of jurisdiction will be entered.*