EDGAR L. B. LINCOLN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lincoln v. Commissioner
Docket No. 41557-86.
United States Tax Court
T.C. Memo 1988-93; 1988 Tax Ct. Memo LEXIS 118; 55 T.C.M. (CCH) 300; T.C.M. (RIA) 88093; March 1, 1988; As amended March 1, 1988 Timothy Vineyard and D. Kevin McCorkindale, for the petitioner. Donna L. Bice, for the respondent. *119 STERRETT
MEMORANDUM OPINION STERRETT, Chief Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) [1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on the following motions: (a) respondent's Motion To Dismiss For Lack of Jurisdiction filed April 6, 1987; (b) petitioner's Motion for Summary Judgment filed July 14, 1987; and (c) petitioner's Motion To Dismiss For Lack Of Jurisdiction filed July 31, 1987. A hearing on all motions was held on November 16, 1987 at a trial session of the Court in Dallas, Texas. At the conclusion of the hearing, respondent's motion and petitioner's two motions were taken under advisement. The issue for decision is whether the notice of deficiency for the taxable year 1981 was mailed to petitioner as his "last *120 known address" within the meaning of section 6212(b). If we find that the notice of deficiency was mailed to petitioner's last known address, then respondent's motion will be granted because the petition was filed more than 90 days after the mailing of the notice of deficiency. If we find that the notice was not mailed to petitioner's last known address, then petitioner's cross-motion to dismiss for lack of jurisdiction will be granted because the notice of deficiency was invalid. Petitioner filed his 1981 Joint Federal income tax return on March 21, 1983. [2] While the address shown on the 1981 return was 336 Elizabeth Street, Lafayette, Louisiana, the address on the envelope in which the return was mailed was 3087 Las Palmas, Houston, Texas. On March 25, 1985, respondent mailed to petitioner a "30-day letter" advising him of proposed adjustments to his 1981 Federal income tax return. This letter was mailed to petitioner at 3748 Stanford, Dallas, Texas (Stanford address). The record is unclear as to how respondent obtained the Stanford address. However, we can assume from the record that respondent obtained the address either from (1) a Form 3911 -- Taxpayer Statement Regarding *121 Refund, dated October 11, 1984, which petitioner filed for the 1983 taxable year, and on which he indicated that he had moved from 3701 Amherst, Dallas, Texas to the Stanford address; or, (2) petitioner's 1983 Federal income tax return filed in the latter part of 1984. The 30-day letter was returned by the United States Post Office to respondent and the envelope containing the letter was stamped "RETURN TO SENDER, NO FORWARDING ORDER ON FILE, UNABLE TO FORWARD." On April 11, 1985, respondent remailed the 30-day letter to 3087 Las Palmas, Houston, Texas. The letter again was returned to respondent by the Post Office on April 23, 1985. The envelope containing the letter was stamped "RETURN TO SENDER, NO FORWARDING ORDER ON FILE, UNABLE TO FORWARD." On May 20, 1985, respondent conducted a computer search of the records at the Austin Internal Revenue Service Center to verify petitioner's *122 then current address. Respondent's computer printout indicated that petitioner's address was the Stanford address. A notice of deficiency dated August 6, 1985 for the 1981 taxable year, was mailed by certified mail to petitioner at the Stanford address. The notice of deficiency was returned by the Post Office to respondent on August 14, 1985. The envelope containing the notice was stamped "MOVED -- LEFT NO ADDRESS." Respondent did not remail the notice or recheck the computer records. Petitioner filed a petition with this Court on October 23, 1986, 443 days after the mailing of the notice of deficiency. Prior to the mailing of the notice of deficiency, petitioner filed with the Austin Service Center on April 15, 1985, a Form 4868 -- Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, requesting an extension of time to file his 1984 tax return. The address shown on the Form 4868 was 5909 Luther Lane, Dallas, Texas (Luther Lane address). Petitioner did not indicate on the Form that this was a new address. Respondent's witness testified that respondent's procedures do not include changing data in the IRS computer to reflect a new address upon *123 receipt of a Form 4868. This policy is necessary because respondent receives thousands of these documents on or about April 15th of every year. The procedure is different, however, if the taxpayer has indicated that the address on the Form 4868 is new. Under those circumstances, the form is sent to another area of the Service Center so that the address change can be entered into the computer. Petitioner filed his 1984 Federal income tax return with respondent on August 29, 1985. The address shown on the return was the Luther Lane address. Petitioner received a letter from respondent dated November 15, 1985, informing him that an assessment had been made with respect to his 1984 taxable year. This letter was addressed to petitioner at the Luther Lane address. On October 15, 1986, in response to petitioner's requests, [3] respondent mailed petitioner the original notice of deficiency for 1981 dated August 6, 1985, the envelope in which the notice first had been mailed, and a copy of the 30-day letter which preceded the notice. This information was sent to petitioner's Luther Lane address. *124 It is evident from the facts above, that petitioner has moved numerous times since he filed his 1985 tax return. Upon his divorce in February 1982, he moved from Louisiana to an unidentified address in Houston, Texas. Next he moved to 3087 Las Palmas, Houston, Texas, where he remained from August 1982 until August 1983. From August 1983 until August 1984, petitioner lived at 3701 Amherst, Dallas, Texas. In August 1984, petitioner moved to the Stanford address where he resided for six months. In February 1985, petitioner moved from the Stanford address to the Luther Lane address. At the date of the hearing, petitioner testified that in February 1987 he moved from the Luther Lane address to his present address at 4120 Lovers Lane, Dallas, Texas. Respondent, in support of his motion to dismiss for lack of jurisdiction, contends that he mailed the notice of deficiency for 1981 to petitioner's "last known address" as required by section 6212(b) and that the petition was untimely filed. Therefore, respondent's motion should be granted. Conversely, petitioner maintains that respondent did not mail the notice of deficiency to his "last known address" as required by section 6212(b). *125 Therefore, we should grant one of petitioner's two motions. Petitioner's position is based n the following arguments: (1) respondent had knowledge of petitioner's Luther Lane address when the notice of deficiency was mailed on August 6, 1985, because that address was shown on the Form 4868, filed on April 15, 1985; (2) respondent had knowledge of petitioner's Luther Lane address because that address was shown on petitioner's 1984 tax return filed on August 29, 1985; (3) respondent had knowledge of the Luther Lane address because on November 15, 1985 respondent sent correspondence, involving another tax year, to petitioner at that address; and (4) respondent had knowledge of the Luther Lane address because the 1984 return and the correspondence predate the March 21, 1986 expiration of the statute of limitations for petitioner's 1981 taxable year, and the notice of deficiency could have been remailed to the Luther Lane address before the statute of limitations expired. Section 6213(a) provides that a petition must be filed within 90 days, or 150 days if the notice is addressed to a person outside of the United States, after the notice of deficiency is issued. The petition in this *126 case, filed more than 14 months after the notice of deficiency was issued, was not timely filed. However,it is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. See Pyo v. Commissioner,83 T.C. 626, 632 (1984); Mollet v. Commissioner,82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner,74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it is mailed to the taxpayer's "last know address" by certified or registered mail. Sec. 6212(a) and (b)(1). Generally, the mailing of the notice to the taxpayer's "last known address" is sufficient whether or not the notice is received. Frieling v. Commissioner,81 T.C. 42(1983). Unfortunately, the phrase "last known address" is not defined in the applicable Code section or the attendant regulations. We held in Brown v. Commissioner,78 T.C. 215, 218-219 (1982), that this phrase means: The taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary *127 address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period. Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. Weinroth v. Commissioner, supra;Looper v. Commissioner,73 T.C. 690, 696 (1980). The relevant focus is thus on the Commissioner's knowledge rather than on what in fact may have been the taxpayer's actual address in use. Alta Sierra Vista, Inc. v. Commissioner, supra.
The Internal Revenue Service, as a general rule, is entitled to treat the address appearing on the return for the year in question as the last known address, absent "clear and concise notification" of a new address. Alta Sierra Vista, Inc. v. Commissioner, supra.However, once respondent becomes aware of a change in address, *128 he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Frieling v. Commissioner, supra at 49. Whether respondent has properly discharged this obligation is a question of fact. Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra.
Once the 30-day letter sent to the Stanford address was returned by the Post Office as undeliverable, respondent became aware that petitioner was no longer at the Stanford address. Therefore, the question becomes whether respondent exercised reasonable care and diligence in mailing the notice of deficiency to the Stanford address. Petitioner contends that respondent had knowledge of the Luther Lane address because that address was shown on the Form 4868. We have considered on other occasions whether a request for extension to file a tax return for a year other than the one under examination could constitute notification by a taxpayer of a new address. In Walsh v. Commissioner,T.C. Memo. 1964-243, the taxpayer specifically indicated his change of address on a letter requesting *129 an extension to file a 1962 return. We held that the letter, mailed 43 days before the notice of deficiency was mailed, was sufficient to put respondent on notice of the taxpayer's "last known address." Therefore, the notice of deficiency for 1959 taxes, which was sent to a different address, was not valid. More recently, in Tyler v. Commissioner,T.C. Memo. 1985-510, the taxpayer filed an application for an extension to file a 1981 return followed by the 1981 return, neither of which specifically indicated that his address had changed. We held that the filing of these documents was insufficient to constitute clear and concise notification of a change of address. Therefore, the notice of deficiency with respect to 1978 taxes, mailed 51 days after the filing of the 1981 return, was valid. On August 6, 1985 when the notice of deficiency was mailed, respondent was unaware of the Luther Lane address. As of that date, the only document petitioner had submitted to respondent setting forth the Luther Lane address, was the Form 4868, filed on April 15, 1985. Because petitioner had not indicated on the form that he was using a new address, respondent did not know to *130 enter an address change on the computer. Moreover, even if respondent had rechecked the computer once the notice of deficiency was returned, he still would not have found petitioner's Luther Lane address in the computer data base. The first time respondent could have known about the Luther Lane address, would have been after the 1984 return was processed and posted into the computer, sometime in September or October of 1985. Petitioner's second and third arguments are equally without merit. Petitioner filed his 1984 income tax return on August 29, 1985, after the August 6, 1985 mailing of the notice of deficiency for 1981. Similarly, respondent's November 15, 1985 correspondence addressed to petitioner's Luther Lane address also was subsequent to the August 6, 1985 mailing of the deficiency notice. Finally, petitioner has argued that respondent should have remailed the notice of deficiency because respondent became aware of petitioner's new address before the statute of limitations for the 1981 year expired on March 21, 1986. We disagree. In examining whether respondent has exercised reasonable care and diligence in mailing the notice of deficiency to the Stanfrod address, *131 we look to that point in time when respondent mailed the deficiency notice, not to the date when the statute of limitations expired. Respondent, in this case, did not have to wait until March 21, 1986 to mail the notice of deficiency. Based upon the record in this case, we conclude that respondent acted with reasonble diligence in mailing the notice of deficiency on August 6, 1985 to the Stanford address. The Stanford address was petitioner's "last known address" within the meaning of section 6212(b)(1) and the notice of deficiency so sent was valid. The petition filed 443 days after the mailing of the notice of deficiency was untimely. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motions to dismiss for lack of jurisdiction and for summary judgment will be denied. An appropriate order will be entered.
Footnotes
1. Hereinafter, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect on the date the notice of deficiency was issued. ↩
2. Attached to the 1981 income tax return were three Applications For Extension Of Time To File for the 1981 tax year. The address on the first application, filed April 15, 1982, was 336 Elizabeth Street, Lafayette, Louisiana. The address on the two subsequent forms was 2712 Routh, Dallas, Texas. ↩
3. The record reflects that petitioner wrote letters of inquiry to respondent on Marcy 19, 1986, March 26, 1986, and June 166, 1986. ↩