**Jack BALLARD and Mary Ballard, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 83–1747.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided Aug. 13, 1984.

Irl B. Baris, St. Louis, Mo., for appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Douglas G. Coulter, Tax Division, Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, BRIGHT and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Jack and Mary Ballard appeal from the decision of the United States Tax Court imposing various tax assessments and additions based upon omissions of gross income from Jack Ballard's 1968 individual income tax return and from the Ballards' 1969 and 1970 joint income tax returns. They contend that the court's findings of tax deficiencies and fraud on the part of Jack Ballard were erroneous; that the statute of limitations barred the assessments and additions; that the court improperly applied the doctrine of collateral estoppel to establish Jack Ballard's fraud in filing the 1969 return; and that Mary Ballard should be relieved of liability because she was an "innocent spouse." We affirm on all issues with regard to Jack Ballard, but reverse insofar as the court held Mary Ballard liable for the 1969 and 1970 deficiencies.

The Ballards are husband and wife. From 1967 through 1970, Jack Ballard owned and operated a scrap iron and auto-

mobile salvage business, known as Ballard Iron & Metal, in St. Louis, Missouri, as a sole proprietorship. In addition, he was an equal partner in a truck leasing business called N & B Leasing and Drayage Company (N & B Leasing) with Fred Neistat from April, 1968, until February or March, 1969. Also, Mr. Ballard operated City Leasing & Drayage Company (City Leasing), another truck leasing business, as a sole proprietorship from 1969 through 1970. He incorporated City Leasing in the State of Missouri on July 18, 1969. Each of these businesses received customer payments in cash or check during their respective years of operation.

In March of 1970, Jack Ballard filed an individual income tax return for 1968. He reported gross income of $12,088.65, consisting of $5,388.65 of net profit from Ballard Iron & Metal and $6,700 in "miscellaneous income" from N & B Leasing. With deductions and exemptions, he reported taxable income of $6,062.05 for 1968.

In April of 1972, the Ballards filed joint income tax returns for 1969 and 1970. For 1969, they claimed $10,407 in gross income, the amount shown as wages on Jack Ballard's W–2 form from City Leasing for that year. They reported no business income and did not attach a Schedule C, "Profit (or Loss) From Business or Profession," as Mr. Ballard had done for Ballard Iron & Metal with his 1968 return. They reported $7,607 in taxable income for 1969. For 1970, their return showed $20,730 in gross income, comprising $11,780 in wages reflected on Jack Ballard's City Leasing W–2 form and $8,950 in wages reflected on his W–2 form from Metropolitan Towing Company, another business he operated in 1970. No Schedule C was attached to the Ballards' 1970 return, and they reported taxable income of $17,855 for that year.

Based on these returns, the 1968 tax liability was shown as $1,432.53, that of 1969 as $1,403.03 [1], and that of 1970 as $3,873.58.

The Internal Revenue Service conducted a detailed investigation into Jack Ballard's business dealings in the early 1970s. In 1975, a jury convicted him on two counts of willfully making and subscribing false income tax returns for 1969 and 1970. *See* 26 U.S.C. § 7206(1) (1982). The falsity alleged in the indictment for each of the counts was his failure to report substantial amounts of gross income received from his various businesses. We affirmed the conviction as to his 1969 return, but reversed with regard to the 1970 return because of the trial court's failure to fully instruct the jury on the calculation of gross income from receipts in a merchandising business. *United States v. Ballard,* 535 F.2d 400, 405–406 (8th Cir.), *cert. denied,* 429 U.S. 918, 97 S.Ct. 310, 50 L.Ed.2d 283 (1976).

In March of 1976, the Commissioner of Internal Revenue (Commissioner) issued statutory notices of deficiencies to Jack Ballard individually for his 1968 return and to the Ballards jointly for their 1967, 1969, and 1970 returns. The notices assessed deficiencies in reported tax liability for each of these years and stated that the Commissioner attributed all underpayments to fraud, thereby also asserting additions to the tax assessments under 26 U.S.C. § 6653(b) (1982). The Ballards petitioned for a redetermination of the assessments and additions in the United States Tax Court. The Commissioner has since conceded that the Ballards are not liable for any deficiencies or additions for 1967 and that Mary Ballard is not liable for any additions to tax based on fraud for 1969 and 1970. *See id.* § 6653(b)(4).

The Tax Court held that the Commissioner's determinations of the Ballards' incomes for the years 1968 through 1970 were supported in the record and that the petitioners failed to prove any error in those determinations. It also found that the Commissioner established fraud in Mr. Ballard's failure to report such incomes by clear and convincing evidence. It dis-

---

**1.** The tax computation was corrected in handwriting on the petitioners' 1969 return to show a liability of $1,435.87.

missed the Ballards' statute of limitations defense because section 6501(c)(1) of the Internal Revenue Code lifts the normal three-year bar on civil actions in the case of such "false or fraudulent return[s] with the intent to evade tax." 26 U.S.C. § 6501(c)(1) (1982). Finally, the court held that Mary Ballard did not carry her burden of proving that she was an innocent spouse relieved of liability for tax deficiencies on the 1969 and 1970 returns under section 6013(e)(1). *See id.* § 6013(e)(1). It thus found a deficiency of $3,907.72 and an addition of $2,670.13, to be assessed against Jack Ballard, for 1968; a deficiency of $17,164.89, to be assessed against the Ballards jointly, and an addition of $9,300.38, to be assessed against Jack Ballard, for 1969; and. a deficiency of $531.21, to be assessed against the Ballards jointly, and an addition of $2,202.40, to be assessed against Jack Ballard, for 1970.

The Ballards appeal from the decision of the Tax Court. They allege error in the court's factual findings and legal conclusions, and generally assert that it should have dismissed the notices based on the statute of limitations. Jack Ballard further contests the court's application of the collateral estoppel doctrine to support its finding of fraudulent intent in the filing of the 1969 return. Finally, Mary Ballard claims that the statute of limitations bars the action against her even assuming that it should be lifted against her husband because of his fraud, and that she was an innocent spouse relieved from liability for the tax deficiencies assessed on the Ballards' 1969 and 1970 returns.

■ Initially, we have no trouble affirming the decision below with respect to Jack Ballard. The Commissioner submitted abundant evidence of Mr. Ballard's receipt of substantial amounts of income during the years in issue which he failed to report. The record also contains clear and convincing evidence that the failure to report these amounts was due to a fraudulent intent on his part. This evidence included his pattern of underreporting income, his failure to report any business

activities by Ballard Iron & Metal in 1969 or 1970, his statements to his tax preparer falsely denying his business activities in certain years, and his failure to maintain adequate records of his business transactions. He alleges that the Tax Court erroneously gave collateral estoppel effect on the fraud issue to his previous conviction for willfully making a false income tax return for 1969. The court relied on the collateral estoppel doctrine as an alternative basis for its 1969 fraud finding. We affirm on the ground that the independent evidence supports the court's decision on this question, and thus need not discuss its alternative reliance on the collateral estoppel theory. The proof of fraud also answers Mr. Ballard's statute of limitations defense: section 6501(c)(1) allows the Commissioner to assess deficiencies on fraudulent returns "at any time." *See* 26 U.S.C. § 6501(c)(1) (1982). Finally, the related contention that the Commissioner's delay of more than three years between completing the investigation and seeking assessments from the Ballards should bar the present action has been answered in the Commissioner's favor by this Court in *Estate of Gryder v. Commissioner,* 705 F.2d 336, 339 (8th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 525, 78 L.Ed.2d 709 (1983).

Mary Ballard was only found liable for the deficiencies assessed for 1969 and 1970. The Tax Court correctly held that there was no evidence of fraud on her part and that she thus was not liable for additions to these tax deficiencies. *See* 26 U.S.C. § 6653(b)(4) (1982). She raises many of the same arguments as her husband with regard to the 1969 and 1970 tax deficiencies. We reject these common claims for the reasons previously discussed and those in the decision of the Tax Court. Two of her arguments, however, do not overlap with those of her husband. We deal with them separately.

■ First, she asserts, although somewhat tangentially, that Jack Ballard's fraud in filing the 1969 and 1970 returns cannot be used under section 6501(c)(1) to lift the normal three-year statute of limita-

tions with regard to the notices sent to her. We disagree. Section 6501(c)(1) lifts the limitations bar "[i]n the case of a false or fraudulent *return* with the intent to evade tax." 26 U.S.C. § 6501(c)(1) (1982) (emphasis added). The section does not require fraudulent intent on the part of both spouses who file a joint return, even though such a distinction is explicitly recognized with regard to the assessment of additions to tax because of the fraud of one spouse. *See id.* § 6653(b)(1), (2), and (4). The lifting of the normal statute of limitations addresses the difficulties which sometimes arise in the discovery of deficiencies by virtue of taxpayer fraud; the source of the fraud does not alleviate such difficulties in the case of a joint-filing spouse who did not personally intend to deceive the government. We therefore join those courts which have held that section 6501(c)(1) lifts the statute of limitations on tax assessments against both spouses when they file jointly and one has defrauded the government in the process. *E.g., Walsh v. United States,* 507 F.Supp. 808, 813 (D.Minn.1981), and cases cited therein; *Vannaman v. Commissioner,* 54 T.C. 1011, 1018 (1970).

■ Mary Ballard's second assertion apart from the Ballards' common arguments is that she is not liable for the 1969 and 1970 deficiencies because she is an "innocent spouse." Section 6013(e)(1) of the Internal Revenue Code provides:

Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for [a] taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items

omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

26 U.S.C. § 6013(e)(1) (1982).

The Tax Court held that Mrs. Ballard bore the burden of proof on each of the elements in section 6013(e)(1) and that she failed to carry her burden. We agree that the taxpayer bears this burden. *See Ratana v. Commissioner,* 662 F.2d 220, 224 (4th Cir.1981); *Sonnenborn v. Commissioner,* 57 T.C. 373, 381–383 (1971). *Cf. Estate of Gryder v. Commissioner, supra,* 705 F.2d at 339 (recognizing taxpayer's burden to prove that she had no reason to know of omitted income); 26 U.S.C. § 6013(e)(1)(B) (1982) (expressly placing burden to prove second element on taxpayer). We hold on this record, however, that Mary Ballard carried the burden.

There is no real dispute concerning the first element of section 6013(e)(1): Mary Ballard asserts that her husband omitted over twenty-five percent of their reported gross income for purposes of the innocent spouse exception, and the Commissioner asserts the same for purposes of claiming a six-year statute of limitations should we find no fraud in the filing of the returns in issue. *See* 26 U.S.C. § 6501(e)(1)(A) (1982). We therefore find that Mary Ballard met the requirements in subsection 6013(e)(1)(A).

■ The Tax Court held that she failed to prove that she did not know and had no reason to know that her husband omitted gross income from their 1969 and 1970 joint returns, however, as required by subsection 6013(e)(1)(B). The court rested its holding upon Mrs. Ballard's testimony that she knew her husband was in the scrap iron and auto parts business during 1969

and 1970, even though Ballard Iron & Metal was not mentioned on their returns or attachments for these years. In addition, the court noted that Mrs. Ballard endorsed some checks in 1969 made out to Ballard Iron & Metal, corroborating her awareness of that business. We cannot agree that these factors gave Mary Ballard knowledge or a reason to know that Jack Ballard omitted gross income from their joint 1969 and 1970 returns.

The Fifth Circuit has correctly recognized that section 6013(e) is a remedial statute: "Congress intended the [innocent spouse] exception to remedy a perceived injustice, and we should not hinder that praiseworthy intent by giving the exception an unduly narrow or restrictive reading." *Sanders v. United States*, 509 F.2d 162, 166–167 (5th Cir.1975) (footnote omitted). In the instant case, Mary Ballard gave uncontradicted testimony that she had no involvement in the preparation of the 1969 and 1970 tax returns; she merely signed them at her husband's behest without any substantive review. Although such a practice might have been unwise, her testimony establishes that she did not in fact know of any omissions of gross income on the returns.

Nor did she have reason to know of any omissions. The record contains no evidence of unusual expenditures by the Ballards, of participation in Jack Ballard's business affairs or bookkeeping by Mary Ballard, or of any evasiveness in explaining his income to his wife, factors which in the past have been held to put a taxpayer on notice that her or his spouse was concealing income from the government. *See Sanders v. United States, supra,* 509 F.2d at 167–168 & nn. 9–11, and cases cited therein; *Sonnenborn v. Commissioner, supra,* 57 T.C. at 374, 381–383. Mary Ballard testified that, although she had taken less than five short trips to Las Vegas with her husband in 1969 and 1970, her husband transferred no cash or property to her in excess of one hundred dollars during this same period. In our view, the record could only support a finding that Jack Ballard gave his wife ordinary marital support dur-

ing the years in question and little, if anything, more; ordinary support within the income figures reported does not put a spouse on notice of omitted gross income for purposes of subsection 6013(e)(1)(B). *See Sanders v. United States, supra,* 509 F.2d at 168 n. 12. *See also Ratana v. Commissioner, supra,* 662 F.2d at 225 (spouse's actual knowledge of expenditures in excess of reported income).

Mary Ballard did endorse a few checks made out to Ballard Iron & Metal in 1969, but her husband gave her those checks to return the cash to him or to pay family bills. Even if we hold her to constructive knowledge that no Schedule C forms for Ballard Iron & Metal's business activities were attached to the Ballards' 1969 and 1970 returns, she still had no reason to know that her husband received gross income from that business which he failed to report. The 1969 and 1970 returns reflect that Jack Ballard received income from City Leasing for both of these years. The record further reflects much overlap in Mr. Ballard's business activities. Indeed, even the Tax Court recognized in footnote six of its opinion that several checks made out to N & B Leasing or City Leasing were issued in payment for parts sold by Ballard Iron & Metal. Thus, Mrs. Ballard could have reasonably concluded that Ballard Iron & Metal was not mentioned in the 1969 and 1970 filings, even though checks made out to the company were received in 1969, because the businesses were so interrelated, Ballard Iron & Metal operated at a loss during these years, or its profits were included in Jack Ballard's wages from City Leasing which were reported to the Internal Revenue Service.

Mrs. Ballard's related knowledge that Jack Ballard operated a scrap iron and auto parts business during this period also gave her no reason to suspect that he omitted gross income from their tax returns, especially since the business address for Ballard Iron & Metal reported on Jack Ballard's 1968 Schedule C was the same as that given on his 1969 W–2 form from City Leasing. The Ballards did report substan-

tial income from City Leasing for both 1969 and 1970. Considering all this evidence, we hold that Mary Ballard did not know and had no reason to know of her husband's omissions on their 1969 and 1970 income tax returns, thus meeting the requirements of subsection 6013(e)(1)(B).[2]

The final element necessary for innocent spouse relief in this case is a favorable balancing of the equities under subsection 6013(e)(1)(C). A key factor to this balance is "whether or not the other spouse [i.e., the innocent spouse] significantly benefited directly or indirectly from the items omitted from gross income." 26 U.S.C. § 6013(e)(1)(C) (1982). The record in the instant case can only be read to establish that Mary Ballard did not receive any significant direct or indirect benefit from the income which her husband failed to report to the Internal Revenue Service. The actual incomes of the Ballards for 1969 and 1970, Mrs. Ballard's uncontroverted testimony that she never received over one hundred dollars in cash or property as a transfer or gift from her husband during these years, and even the Ballards' need to cash Ballard Iron & Metal checks to pay household bills indicate that the Ballard family did not live extravagantly at the expense of the government and that, to the extent that Mr. Ballard concealed income, Mrs. Ballard was not significantly benefited by his fraudulent conduct. Under these circumstances, we hold that it would be inequitable to hold Mrs. Ballard liable for the tax deficiencies in the petitioners' 1969 and 1970 returns. Thus, the requirements of subsection 6013(e)(1)(C) were also met in this case.

We therefore affirm the decision of the Tax Court insofar as Jack Ballard is concerned, but reverse its assessments of deficiencies against Mary Ballard for 1969 and 1970 because she was an innocent spouse protected by section 6013(e)(1).

Affirmed in part; reversed in part.

---

**2.** Even if Mary Ballard's endorsement of checks made out to Ballard Iron & Metal in 1969 did put her on notice of some omissions on the 1969 return, we think that notice would be limited to the amount of those checks. Thus, as far as the requirements of 26 U.S.C. § 6013(e)(1)(B) (1982) are concerned, we would not hold her liable on this record for any deficiencies in excess of the checks she endorsed in 1969 nor for any deficiencies in 1970. *See Ratana v. Commissioner*, 662 F.2d 220, 224–225 (4th Cir. 1981). Because we hold that the checks did not put her on notice of any omissions under the particular circumstances of this case, we need not thus define the bounds of the alleged notice.