PAUL P. DORAMAN and ETHEL M. DORAMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doraman v. Commissioner
Docket No. 23503-83.
United States Tax Court
T.C. Memo 1986-203; 1986 Tax Ct. Memo LEXIS 405; 51 T.C.M. (CCH) 1035; T.C.M. (RIA) 86203; May 20, 1986. Paul P. Doraman, pro se. Cheryl Choy-Weller, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax liabilities and additions to tax against petitioner Paul P. Doraman, as follows: Additions to Tax
Year
Deficiencies
I.R.C. Section 6653(b) [1]
1973
$3,535.59
$4,045.40
1974
3,502.71
1,751.36
1975
3,631.04
3,334.20
*406 After concessions, the issue remaining for decision is the proper computation of the addition to tax for fraud under section 6653(b). This case was submitted without trial pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The facts have been stipulated and are so found. At the time of filing the petition in this case, petitioners resided in Goshen, N.Y.
Petitioners filed their 1973 Federal income tax return on April 28, 1975. No extension had been granted by respondent regarding the filing of this return, and it was not filed timely. The amount shown on the return as total income taxes due was $4,555.21. Payments consisting of income taxes withheld, estimated tax payments, and excess FICA tax withheld totalled $5,748.04. A refund of $1,192.83 was claimed on the return and credited on petitioners' estimated tax for 1974 as directed by petitioners. Petitioners timely filed their income tax return for the year 1974. The amount shown as income taxes due was $4,720.88. Income taxes withheld, estimated tax payments, and excess FICA tax *407 withheld totalled $6,620.28, resulting in a refund of $1,899.40 which was again credited on petitioners' estimated tax for 1975 pursuant to their instructions. Petitioners' 1975 Federal income tax return was filed late, on April 24, 1976, without any extensions having been granted. The amount shown on the return as income taxes due was $3,178.40. Income taxes withheld, estimated tax payments, and excess FICA tax withheld totalled $5,337.23. [2] Pursuant to petitioners' instructions on the return, $158.83 of the refund due was paid to them, and the remaining $2,000 was credited on their estimated tax for the next taxable year. Respondent determined that the correct tax liabilities of petitioners for the years at issue were $8,090.80 for 1973, $8,223.59 for 1974, and $6,668.40 for 1975. Respondent further determined that at least part of the underpayment of tax was due to fraud on the *408 part of Mr. Doraman ("petitioner") and, as to him alone, determined additions to tax for fraud under section 6653(b). Petitioner concedes that the deficiencies determined by respondent are correct, and that part of the underpayments were due to fraud. He also concedes that the statute of limitations does not bar the assessment and collection of the deficiencies in tax and additions to tax, and that his income tax returns for the years 1973 and 1975 were not filed timely. [3] He takes exception, however, to respondent's method of computing the fraud addition. *409 Respondent calculated the fraud addition as follows: 1973
1974
1975
Total corrected
$8,090.80
$8,223.59
$6,668.40
income tax liability
Less total tax shown
on return
4,720.88
Underpayment of tax
$8,090.80
$3,502.71
$6,668.40
50% of underpayment
4,045.40
$1,751.36
$3,334.20
Petitioner proposes an alternative method of computation which takes into account his withholding and estimated tax payments, as follows: 1973
1974
1975
Corrected income tax
$8,090.80
$8,223.59
$6,668.40
liability
Less withholding and
estimated tax payments [4]
5,748.04
5,427.45
4,516.53
Additional taxes due
$2,342.76
$2,796.14
$2,151.87
50% of underpayment
$1,171.38
$1,398.07
$1,075.94
Petitioner's method is incorrect under the statute. Respondent properly computed the fraud addition as *410 set forth in section 6653(b). In pertinent part, that section provides as follows: (1) In General.--If any part of an underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Section 6653(c) defined "underpayment" of tax. In pertinent part, it reads: (1) Income, Estate, Gift, and Certain Excise Taxes.--In the case of a tax to which section 6211 * * * is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), * * * Section 6211, to which section 6653(c)(1) refers, defines a deficiency, generally, as the amount by which the tax due exceeds the amount shown as tax on the taxpayer's return plus any amounts previously assessed (or collected without assessment) as a deficiency. The statute thus provides for computing the fraud addition in the manner followed by respondent. *411 The addition is 50 percent of the underpayment. Sec. 6653(b)(1). The underpayment is the tax required to be shown on petitioner's returns (in this case, $8,090.80 for 1973, $8,223.59 for 1974, and $6,668.40 for 1975), less the amount actually shown as tax on the returns. Sec. 6211(a)(1). The latter amount would be $4,555.21, $4,720.88, and $3,037.36 for 1973, 1974, and 1975, respectively. However, because petitioner's 1973 and 1975 returns were filed late, for those years the amounts shown as tax on his returns are not taken into account. Sec. 6653(c)(1). The fraud addition is thus 50 percent of $8,090.80 for 1973; 50 percent of $3,502.71 ($8,223.59 minus $4,720.88) for 1974; and 50 percent of $6,668.40 for 1975. Respondent's calculations are correct. A number of cases have dealt with the computation of the fraud addition, and have made clear that where a return is filed late, the underpayment on which the addition is computed is the total corrected tax liability, without any reduction for the tax shown on the late return. See Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963), affg. as to this issue a Memorandum Opinion of this Court; Stewart v. Commissioner,66 T.C. 54 (1976); *412 Breman v. Commissioner,66 T.C. 61 (1976); Bennett v. Commissioner,30 T.C. 114 (1958); Prejean v. Commissioner,T.C. Memo. 1983-31; Baylor v. Commissioner,T.C. Memo. 1977-253. It is also clear that a taxpayer's withholding and estimated tax payments are not taken into account in determining the amount of tax due or the amount of tax shown on the return. Sec. 6211(b). Such amounts are thus not considered in computing the fraud addition. Secs. 6653(b)(1) and (c)(1); Cirillo v. Commissioner,supra at 484; Tomlinson v. Lefkowitz,334 F.2d 262, 267 (5th Cir. 1964), cert. denied 379 U.S. 962 (1964). We therefore reject petitioner's computation of the fraud addition in favor of respondent's. Accordingly, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. The total payments of $5,337.23 reported on petitioners' 1975 income tax return reflected estimated tax payments of $820.70. There is no explanation for the discrepancy between this figure and the $1,899.40 claimed refund from 1974 which petitioners requested credited on their 1975 return.↩
3. Petitioner raised the statute of limitations issue in his petition. In his reply, he denied respondent's allegation that he had filed his 1973 and 1975 returns late. At trial, petitioner raised neither of these issues and agreed with respondent that calculation of the fraud addition was the only issue for decision. We therefore deem those issues conceded by petitioner. With regard to the statute of limitations issue, however, we note that under sec. 6501(c)(1), the Commissioner has an unlimited time period in which to assess and collect taxes due where a taxpayer's return is fraudulent. Where a joint return is filed, but only one spouse is liable for the fraud, sec. 6501(c)(1) nevertheless lifts the normal statute of limitations as to the deficiency due from both spouses. Ballard v. Commissioner,740 F.2d 659 (8th Cir. 1984), affg. on this issue a Memorandum Opinion of this Court; Vannaman v. Commissioner,54 T.C. 1011↩ (1970).
4. The amount of payments claimed by petitioner in this computation for 1973 includes estimated tax payments of $149.88 which were credited from his 1972 return. Petitioner's calculation for 1974 and 1975, however, disregards the credit from the prior year's claimed refund, and includes only actual calendar year withholdings.↩