**UNITED STATES of America, Plaintiff,**

v.

**Frank A. COOKSEY, Defendant.**

**Civ. No. 3:89–CV–1735–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 22, 1992.

Michael S. Copeland, Dept. of Justice, Tax Div., Dallas, TX, for plaintiff.

Andrea Winters & John Copeland, Law Offices of John D. Copeland, Dallas, TX, for defendant.

MEMORANDUM OPINION
AND ORDER

SANDERS, Chief Judge.

On September 21, 1992, the Court held a non-jury trial in this case. The government seeks judgment against Cooksey for two 100% penalty assessments made against him, one for $103,773.85, dated July 11, 1983, and another for $16,590.00, dated May 21, 1984.

## I. Stipulations

In the First Revised Joint Pretrial Order, filed September 17, 1992, the parties stipulated to the following facts:

1) Plaintiff is the United States of America.

2) Defendant is a citizen of the United States and resides in Dallas County, Texas.

3) All parties are properly before this Court.

4) Nurse Call Incorporated ("Nurse Call") was chartered as a Texas Corporation on May 8, 1981. Its employer identification number is 75–1758173.

5) Nurse Call failed to pay the United States Department of Treasury, Internal Revenue Service, certain employee withholding and social security taxes (Form 941) for the following periods:

2nd calendar quarter ending June 30, 1981

3rd calendar quarter ending September 30, 1981

4th calendar quarter ending December 31, 1981

1st calendar quarter ending March 31, 1982

2nd calendar quarter ending June 30, 1982

4th calendar quarter ending December 31, 1982.[1]

6) The District Director of the Internal Revenue Service assessed against Defendant a 100% penalty under 26 U.S.C. § 6672 in the amount of $109,012.55 for the following periods, and amounts respecting Nurse Call:

a) 2nd calendar quarter ending June 30, 1981

$11,221.14

b) 3rd calendar quarter ending September 30, 1981

$17,905.22

c) 4th calendar quarter ending December 31, 1981

$20,165.89

d) 1st calendar quarter ending March 31, 1982

$28,266.59

e) 2nd calendar quarter ending June 30, 1982

$31,453.71

See Government's Exhibit 1.

7) On May 21, 1984, the District Director of the Internal Revenue Service assessed against Defendant a 100% penalty under 26 U.S.C. § 6672 in the amount of $16,590.00 respecting Nurse Call. See Government's Exhibit 22.

8) On March 8, 1982, Defendant signed an Internal Revenue Service Form 2751 (Proposed Assessment of 100 Percent Penalty) relating to Nurse Call for the two calendar quarters ending June 30, 1981 and December 31, 1981. See Government's Exhibit 12.

9) On June 28, 1982, Defendant signed an Internal Revenue Service Form 2751 (Proposed Assessment of 100 Percent Penalty) relating to Nurse Call for the four calendar quarters ending June 30, 1981, September 30, 1981, December 31, 1981, and March 31, 1982. See Government's Exhibit 13.

10) Defendant was an officer and director of Nurse Call and had the duty to collect, account for, and pay over withholding taxes of Nurse Call. Defendant willfully failed to pay over the required withholding taxes of Nurse Call and could have been held liable for the 100% penalty applicable to such taxes provided by Internal Revenue Code § 6672 at the time the alleged assessments were made.

---

**1.** The parties' stipulated facts state "3rd calendar quarter ending December 31, 1982." This appears to be a typographical error. The parties correctly referred to this quarter as the fourth calendar quarter throughout trial.

11) In addition to these stipulated facts, the government has withdrawn its request for judgment for some of the amounts it originally claimed in its complaint:

a) On October 17, 1988, the District Director of the Internal Revenue Service assessed against Defendant an audit assessment relating to Defendant's federal income tax liability (Form 1040) for the calendar year ending December 31, 1986, in the amount of $2,532.44. The United States sued Defendant to recover such amount at the time it filed its complaint in this case on July 10, 1989. The audit assessment, plus applicable interest and penalty was paid on August 8, 1989. The government has thus withdrawn its request for judgment respecting this assessment since it has been paid.

b) On May 21, 1984 the District Director of the Internal Revenue Service assessed a 100% penalty against Defendant under 26 U.S.C. § 6672 in the total amount $7,170.95 respecting Slots Video, Inc. This includes assessments for the third calendar quarter ending September 30, 1982, in the amount of $1,814.05, and for the fourth calendar quarter ending December 31, 1982, in the amount of $5,356.90. This 100% penalty assessment was paid. The government, therefore, has withdrawn its is request for judgment on this assessment.

c) The government overassessed Defendant for the July 11, 1983 100% penalty relating to Nurse Call by $5,605.48. The assessment should have been for $103,-407.07, instead of $109,012.55. The overassessment resulted from the government's failure to properly calculate interest between partial payments made by Nurse Call on the underlying employment tax liability prior to the assessment of the 100% penalty against Defendant. Plaintiff, hence, seeks judgment against defendant for the July 11, 1983 100% assessment in the amount of $103,407.07 plus interest and statutory additions allowed by law, rather than in the original amount of $109,012.55.

## II. Findings of Fact and Conclusions of Law

The Court makes the following findings of fact and conclusions of law:

1) This court has jurisdiction over this suit pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

2) Venue is proper in the Northern District of Texas, Dallas Division under the provisions of 28 U.S.C. § 1396.

3) The 100% penalty assessment for $109,012.55 against Defendant for Nurse Call's tax liability was made on July 11, 1983. *See* Government's Exhibit 1. The face of the document plainly shows the date to be July 11, 1983. Federal law states that an assessment is presumptively correct, and the burden of proof is on the person challenging the assessment to show by a preponderance of the evidence that it is erroneous. *Gray v. United States*, 738 F.Supp. 453, 456 (N.D.Ala.1990); *Brooks v. United States*, 280 F.2d 370 (5th Cir.1960). At trial, Defendant attempted to challenge the date of the assessment by claiming that the number 170 contained in the exhibit's "Identifying Number" actually refers to a Julian Calendar day. Thus, Defendant argued that the document was prepared on June 19, 1982, since Julian Day 170, 1982 is equivalent to the Gregorian Calendar's June 19, 1982. However, Defendant produced no evidence to support his interpretation of the 170 in the Identifying Number. None of the witnesses called could identify the meaning of the 170 contained in the exhibit. Moreover, Defendant did not produce any other evidence that the July 11, 1983 date was erroneous.

4) The July 11, 1983 100% penalty assessment included a clerical error in the identification of the date on which $31,-453.71 of the trust fund portion of unpaid employment taxes were due. The July 11, 1983 assessment stated that $31,453.71 was due for the calendar quarter ending June 30, 1982, rather than the calendar quarter ending September 30, 1982. No unpaid trust fund balance was due from Defendant for the calendar quarter ending June 30, 1982. Instead, this was amount was due for the calendar quarter ending September 30, 1982.

5) The Internal Revenue Service timely assessed Defendant the 100% penal-

ty relating to Nurse Call in the amount of $109,012.55. As noted above, the government assessed Defendant the 100% penalty for $109,012.55 on July 11, 1983. The earliest date taxes from this assessment were due was during 1981. *See* Government's Exhibit 1. Unchallenged testimony indicated that the presumptive due date of 1981 taxes is April 15, 1982, and that the Internal Revenue Service has three years from the presumptive due date of taxes to file a 100% penalty assessment. Since the Internal Revenue Service made its assessment against Defendant in July of 1983, the assessment fell well within the window of time available to make such an assessment.

6) The Internal Revenue Service timely assessed Defendant the 100% penalty relating to Nurse Call on the amount of $16,-590.00. The $16,590.00 assessment was made on May 21, 1984. The date taxes from this assessment were due was the quarter ending December 31, 1982. *See* Government's Exhibit 22. Similar to the discussion above, the presumptive due date of 1982 taxes is April 15, 1983, and the Internal Revenue Service has three years from this date to make a 100% penalty assessment. Since the $16,590.00 assessment was made on May 21, 1984, this assessment was made well within the time permitted.

■ 7) The Internal Revenue Service timely brought suit against Defendant for the 100% penalty relating to Nurse Call on the amount of $109,012.55. This 100% penalty assessment was made on July 11, 1983. This suit was filed on July 10, 1989, one day before the six-year statute of limitations expired. *See* 26 U.S.C. § 6502(a).

8) The Internal Revenue Service timely brought suit against Defendant for the 100% penalty relating to Nurse Call on the amount of $16,590.00. This 100% penalty was made on May 21, 1984, and this suit was filed July 10, 1989, well within the limitations period. *See* 26 U.S.C. § 6502(a).

■ 9) Defendant was served with process in this suit on November 1, 1989, within 120 days from the time this suit was filed. *See* Fed.R.Civ.P. 4(j). Furthermore, it is well established that in federal cases,

the filing of the complaint with the court commences the action and tolls the applicable statute of limitations. *See, e.g., Martin v. Demma,* 831 F.2d 69 (5th Cir.1987). Thus it is of no consequence that Defendant was served after the statute of limitations had run.

■ 10) A preponderance of the credible evidence and the Stipulations of the parties establish that Defendant was a responsible person who was required to collect, truthfully account for, and pay over the unpaid employment taxes of Nurse Call for the second, third, and fourth calendar quarters of 1981 and the first, third, and fourth quarters of 1982.

11) The 100% penalty assessment imposed by the Internal Revenue Service under 26 U.S.C. § 6672 against Defendant, dated July 11, 1983, relating to the second, third, and fourth calendar quarters of 1981 and the first and third quarters of 1982 is lawful, once the conceded overassessment amount of $5,605.48 is accounted for. The government is entitled to judgment against Defendant for the unpaid balance of such assessment.

12) The 100% penalty assessment imposed by the Internal Revenue Service under 26 U.S.C. § 6672 against Defendant, dated May 21, 1984, relating to Nurse Call for the fourth calendar quarter of 1982 is lawful, and the government is entitled to judgment against Defendant for the unpaid balance of such assessment.

■ 13) The Court concludes that the doctrine of laches does not apply in this case against the government. Defendant abandoned this contention at the pretrial conference. Moreover, the laches defense is generally not available against the government. *See United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *Lucia v. United States,* 474 F.2d 565 (5th Cir.1973) (en banc); *see also Ballard v. Commissioner of Internal Revenue,* 740 F.2d 659 (8th Cir.1984).

14) The government is entitled to judgment against Defendant for the 100% penalty assessment dated July 11, 1983, relat-

ing to Nurse Call in the amount of $103,-407.07 plus assessed interest, accrued interest, and other statutory additions, less any credits and payments.

15) The government is entitled to judgment against Defendant for the 100% penalty assessment dated May 21, 1984, relating to Nurse Call in the amount of $16,-590.00 plus assessed interest, accrued interest, and other statutory additions, less any credits and payments.

16) All relief sought by Defendant is denied.

17) All costs of court are to be paid by Defendant.

### III. Conclusion

Plaintiff shall file a proposed judgment no later than *noon, September 30, 1992.*

SO ORDERED.