**BOLES TRUCKING, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 8:CV92–00120.

United States District Court,
D. Nebraska.

Jan. 10, 1995.

Howard N. Kaplan, Michael S. Mostek, McGill, Gotsdiner Law Firm, Omaha, NE, for Boles Trucking, Inc.

Paul W. Madgett, U.S. Atty., Omaha, NE, Robert D. Metcalfe, U.S. Dept. of Justice, Washington, DC, for the U.S.

Irving B. Epstein, Omaha, NE, for Driver Management, Inc.

H. Daniel Smith, Sherrets, Smith Law Firm, Omaha, NE, for Zeitner & Sons, Inc.

### MEMORANDUM OPINION

STROM, District Judge.

This matter is before the Court for entry of judgment following trial to a jury which has rendered its verdict in the form of answers to certain special interrogatories. The issues presented by the pleadings and the order on pretrial conference involved the liability of the plaintiff to pay certain FICA and FUTA taxes on behalf of its truck drivers and on behalf of its president, David B. Boles. Following an instruction conference with the parties and the preparation and approval of a verdict form, the following agreement was entered into with the Court by counsel for each of the parties:

> THE COURT: In preparing and submitting this case, we are not asking the jury to arrive at any dollar amount, whether in

favor of the plaintiff or the defendant in this case.

The parties and I have agreed that after the verdict is returned, the matter of determining what, if any, taxes are due or what, if any, refund is due is a matter that the court will be permitted to decide. Is that agreeable.

MR. METCALFE: Agreeable to the government, your Honor.

MR. MOSTEK: That's agreeable, your Honor.

Transcript of Trial Proceedings, Vol. VIII, pp. 1285:25 to 1286:11.

The jury in its verdict found: (1) that the truck drivers who drove trucks for Boles Trucking Company during the period between January 1, 1984, and December 31, 1987, were employees of the plaintiff; and (2) that plaintiff had a reasonable basis pursuant to § 530 of the Internal Revenue Act for not treating the truck drivers as employees for Federal Employment Tax purposes.

There was no dispute between the parties as to the amount of the refund due the plaintiff and an appropriate judgment will be entered reflecting the refund due plaintiff.

The remaining dispute is respect to the amount of employment and unemployment taxes and penalties which may be owed the government by reason of the employment of David B. Boles as the president of plaintiff corporation. In its brief, the government contends that these matters are not properly before the Court as they have been waived by the plaintiff because of plaintiff's failure to include these issues in their claims for refund, in the pleadings and in the order on pretrial conference. However, Exhibits 11A and B, Form 843 Claims for Refund, reflect that the plaintiff is claiming relief for the penalties which have been assessed by the government as to the employment of David B. Boles. These claims are reflected in the pleadings and in Paragraph 15 of § E, Controverted and Unresolved Issues, of the Order on Pretrial Conference. Therefore, defendant's claim in this regard is without merit and will be denied.

■ The sole source of income for David B. Boles for the three years in question were the funds which he received from Boles Trucking, Inc. There is no dispute that Boles Trucking, Inc., was a Subchapter S corporation during this period of time and that the funds which were received by plaintiff were described as loans against future profits. Not only did he receive funds in the form of those loans, the corporation also paid certain personal expenses on his behalf and furnished him with an automobile.

■ The law is clear that "[t]he tax deficiency determinations of the Commissioner of the Internal Revenue Service are subject to a rebuttable presumption of correctness." *Halvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935). Therefore, the taxpayer has the burden of demonstrating that the determination of the Internal Revenue Service was in error. *McCabe Packing Co. v. United States*, 809 F.Supp. 614 (C.D.Ill.1992). *See also, Ballard v. CIR*, 740 F.2d 659 (8th Cir.1984).

In reviewing the exhibits and the proposed judgment submitted by the defendant, it does not appear that the parties are in dispute over the amounts of money that were paid to David Boles, either in form of loans against future profits, personal expenses, or the lease value of the car. However, the proposed judgment is the government's extrapolation of amounts due from the tax deficiency determinations of the Commissioner. In reviewing these determinations (Exhibits 201 and 202), the amounts now claimed are not separately identified. Therefore, the rebuttable presumption cannot be applied.

The Court concludes that the only taxes which may be assessed are the FICA and FUTA taxes. While plaintiff would have the Court find no salary or wage were paid to plaintiff, the Court finds this is not reasonable, and that the amounts set forth on Exhibit 109A represent the wages to plaintiff upon which FICA and FUTA taxes should be paid. No income tax is due the government as it is clear from the evidence that David B. Boles has paid all income taxes due.

Plaintiff contends that its failure to file employment tax returns and make tax deposits on behalf of David Boles was due to reasonable cause and not wilful neglect. In-

asmuch as the monies received were the sole income that David Boles had during the periods in question, the Court concludes that the plaintiff has failed to show reasonable cause for his failure to pay the taxes assessed. Accordingly, plaintiff will be found responsible for the FICA and FUTA taxes due for the sums paid to David Boles during the period in question, together with interest and penalties. Plaintiff is instructed to prepare a proposed judgment in accordance with this memorandum opinion and submit it to defendant for approval as to form. This proposed judgment should be submitted to the Court for entry on or before January 30, 1995.