T.C. Memo. 2013-69

UNITED STATES TAX COURT

TOMMY K. CRYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8118-09.                           Filed March 11, 2013.

<u>Emile L. Hebert, III</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  After the filing of the petition herein Mr. Cryer died.  No substitution of any personal representative has been made.  Consequently, when the case was called for trial, no appearance was made for Mr. Cryer.

This case is before the Court for redetermination of the income tax liabilities of Mr. Cryer for the tax years 1993 through 2001.

[*2] From 1993 through 2001 the late Mr. Cryer operated a sole proprietorship law practice but did not file Federal income tax returns. After an audit using a bank deposits analysis, respondent determined Mr. Cryer had significant income and was liable for various additions to tax for each of the years.[1]

After Mr. Cryer petitioned this Court, he met with respondent and the parties agreed that significant reductions in the income tax and additions to tax were in order which led to various concessions by respondent before trial.

---

[1]Respondent's notice of deficiency determinations were as follows:

| Year | Deficiency | Additions to tax Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------|-----------|-----------|
| 1993 | $67,332 | $48,815.70 | $16,833.00 | $2,821.17 |
| 1994 | 69,317 | 50,254.83 | 17,329.25 | 3,571.36 |
| 1995 | 93,663 | 67,905.68 | 23,415.75 | 5,113.22 |
| 1996 | 56,930 | 41,274.25 | 14,232.50 | 3,030.12 |
| 1997 | 290,346 | 210,500.85 | 72,586.50 | 15,641.09 |
| 1998 | 56,926 | 41,271.35 | 14,231.50 | 2,583.77 |
| 1999 | 88,712 | 64,316.20 | 22,178.00 | 4,260.61 |
| 2000 | 72,705 | 52,711.13 | 18,176.25 | 3,910.42 |
| 2001 | 52,875 | 38,334.38 | 13,218.75 | 2,113.08 |

[*3] I. Concessions

First, the only adjustment for the tax year 1993 was for Mr. Cryer's unreported income from his law practice for that tax year, and that adjustment was based upon a bank deposits analysis. However, when counsel for respondent received the administrative file for this matter, it did not contain any bank statements for that tax year. Counsel for respondent then determined that Mr. Cryer's bank statements for the tax year 1993 were no longer available. Accordingly, respondent has conceded in full all adjustments for the tax year 1993.

Second, the adjustments for Mr. Cryer's unreported income from his law practice for each of the tax years 1994 through 2001 were also based upon a bank deposits analysis. In the notices of deficiency, the amounts determined under the bank deposits analysis were as follows:

|  | 1994 | 1995 | 1996 |
|---|---|---|---|
| Net taxable deposits | $347,952 | $456,935 | $294,705 |
| Less reported gross receipts | -0- | -0- | -0- |
| Total unreported gross receipts | 347,952 | 295,134 | 294,705 |

| [*4] | 1997 | 1998 | 1999 | 2000 | 2001 |
|---|---|---|---|---|---|
| Net taxable deposits | $1,357,713 | $295,134 | $409,006 | $347,952 | $456,935 |
| Less reported gross receipts | -0- | -0- | -0- | -0- | -0- |
| Total unreported gross receipts | 1,357,713 | 295,134 | 409,006 | 347,952 | 456,935 |

Before he died Mr. Cryer and counsel for respondent reviewed the bank deposits analysis and determined that some adjustments to that analysis were warranted. After making those adjustments, the amounts determined under the bank deposits analysis are as follows and are the amounts remaining at issue:

| | 1994 | 1995 | 1996 | 1997 | 1998 |
|---|---|---|---|---|---|
| Net taxable deposits | $117,022.29 | $141,768.28 | $117,405.30 | $120,910.39 | $106,802.44 |
| Less reported gross receipts | -0- | -0 - | -0- | -0 - | -0 - |
| Total unreported gross receipts | 117,022.29 | 141,768.28 | 117,405.30 | 120,910.39 | 106,802.44 |

| [*5] | 1999 | 2000 | 2001 |
|---|---|---|---|
| Net taxable deposits | $104,394.53 | $54,726.02 | $87,123.89 |
| Less reported gross receipts | -0- | -0- | -0- |
| Total unreported gross receipts | 104,394.53 | 54,726.02 | 87,123.89 |

The amounts respondent conceded for 1994, 1995, 1996, 1997, 1998, and 1999 are all of the deposits to the Tommy K. Cryer, Attorney-at-Law, Trust Accounts Mr. Cryer maintained during those tax years. The amounts respondent conceded for 2000 and 2001 are (a) all of the deposits to the Tommy K. Cryer, Attorney-at-Law, Trust Accounts Mr. Cryer maintained during those tax years, and (b) all of the deposits to another of Mr. Cryer's bank accounts maintained during those tax years.[2]

Third, on the basis of the payroll tax returns Mr. Cryer filed for his law practice for the tax years 1994 through 2001 and information obtained from third parties, he is entitled to the following deductions claimed on Schedule C, Profit or Loss From Business:

---

[2]When respondent received the administrative file in this matter, it did not contain any bank statements for that other account for 2000 or 2001, and respondent determined that those bank statements were no longer available.

| [*6] | 1994 | 1995 | 1996 | 1997 | 1998 |
|---|---|---|---|---|---|
| Wages | $20,150 | $21,025 | $23,125 | $23,125 | $24,050 |
| Taxes & licenses | 1,975 | 2,101 | 2,202 | 2,134 | 2,274 |
| Other expenses | 13,380 | 13,380 | 13,380 | 13,380 | 13,380 |
| Allowable Sch. C expenses | 35,505 | 36,506 | 38,707 | 38,639 | 39,704 |

| | 1999 | 2000 | 2001 |
|---|---|---|---|
| Wages | $22,635 | $21,275 | $21,275 |
| Taxes & licenses | 2,166 | 2,062 | 2,062 |
| Other expenses | 13,380 | 13,380 | 13,380 |
| Allowable Sch. C expenses | 38,181 | 36,717 | 36,717 |

## II. Developments After Mr. Cryer's Death

On July 19, 2012, pleadings were filed opening the Succession of Tommy K. Cryer in the First Judicial District Court, Parish of Caddo, State of Louisiana (docket No. 560863-B). In those proceedings, the court denied probate of a purported will of Mr. Cryer. The State court has yet to appoint anyone as the executor, the administrator, or the independent administrator of the succession, nor has it appointed anyone to act as curator for any missing heir(s).

**[\*7]** There is no party remaining to litigate this case for Mr. Cryer; but because of the complexity of the case and respondent's concessions, the Court determined that respondent must present evidence to sustain the additions to tax.

Background

Decedent, Mr. Cryer, was a resident of Louisiana when he filed the petition.

During the tax years 1993 through 2001 Mr. Cryer operated a sole proprietorship law office but did not file a Federal income tax return for any of those years. On January 10, 2001, respondent's revenue agent sent a letter to Mr. Cryer regarding his tax years 1993 through 1999. Attached to that letter was a request for documents for the tax years 1993 through1999, including: (a) general ledgers for his businesses; (b) records detailing asset sale(s) in those tax years; (c) all business bank account information including statements, deposit slips, and returned checks for those tax years; (d) verification of all business expenses for those tax years; (e) copies of all filed payroll returns for those tax years; and (f) all personal bank statements for those tax years. Mr. Cryer never produced any of the requested records.

Mr. Cryer failed to maintain, and during the audit for his tax years 1993 through 2001 failed to submit for examination by respondent, complete and accurate books and records of his income-producing activities for those tax years.

[*8] As a result of Mr. Cryer's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to respondent in connection with the examination of his tax years 1994 through 2001, respondent could not determine from Mr. Cryer's records the amount of his gross receipts from his sole proprietorship law practice for the tax years 1993 through 2001. Thus, respondent determined Mr. Cryer's gross receipts from his sole proprietorship for those tax years through the use of the bank deposits method. The revenue agents who conducted the audit for Mr. Cryer's tax years 1993 through 2001 analyzed Mr. Cryer's bank records for those tax years to determine the gross receipts for his sole proprietorship law practice during the tax years 1993 through 2001. In making that analysis, the revenue agents reviewed Mr. Cryer's bank records to determine whether any of the deposits thereto included nontaxable items such as loans and interaccount transfers.

Mr. Cryer was married to Carolyn F. Cryer in Louisiana during all of the tax years 1994 through 1998 and during the tax year 1999 until Ms. Cryer died in March 1999. Louisiana is a community property State, and respondent's calculations reflect only Mr. Cryer's share of the community income while he was married.

[*9]   On the basis of payments reported by third parties, respondent determined that Mr. Cryer received $3,000 of nonemployee compensation in 1995 and $367 of capital gains in 1998, one-half of each being unreported income of Mr. Cryer for the respective tax years.  Additionally, on the basis of the payments reported by third parties, respondent determined that Mr. Cryer's unreported interest income is as follows:

| Year | Total unreported interest income | Unreported interest income reportable by Mr. Cryer's spouse | Mr. Cryer's unreported interest income |
|------|------|------|------|
| 1994 | $140 | $70 | $70 |
| 1995 | 315 | 157 | 158 |
| 1996 | 42 | 21 | 21 |
| 1997 | 182 | 91 | 91 |
| 1998 | 57 | 28 | 29 |
| 1999 | 138 | 69 | 69 |
| 2000 | 91 | -0- | 91 |
| 2001 | 79 | -0- | 79 |

Mr. Cryer's unreported royalty income is as follows:

| Year | Total unreported royalty income | Unreported royalty income reportable by Mr. Cryer's spouse | Mr. Cryer's unreported royalty income |
|------|------|------|------|
| 1995 | $106 | $53 | $53 |
| 1996 | 71 | 35 | 36 |
| 1997 | 141 | 70 | 71 |
| 1998 | 30 | 15 | 15 |
| 1999 | 85 | 42 | 43 |
| 2000 | 384 | -0- | 384 |
| 2001 | 253 | -0- | 253 |

**[*10]**                                    Discussion

I. Addition to Tax for Fraudulent Failure To File

Under Rule 142(b),[3] the Commissioner bears the burden of proving fraud by the taxpayer. The Commissioner's burden of proving that an addition to tax under section 6651(f) for fraudulent failure to file a tax return is appropriate may be met by evidence of (1) an underpayment of income tax (a deficiency); (2) the intent of the taxpayer to evade taxes known or believed to be owing; and (3) a failure to file a required return, unless due to reasonable cause. Sec. 7454 (a); Rule 142(b); Considine v. United States, 683 F.2d 1285, 1286 (9th Cir. 1982); Dunlap v. Commissioner, T.C. Memo. 1993-187; Schmitz v. Commissioner, T.C. Memo. 1983-482.

During the tax years 1994 through 2001 Mr. Cryer operated a sole proprietorship law practice and also received nonemployee compensation, gains derived from dealing in property, interest, and royalties. Mr. Cryer did not file a Federal income tax return for any of the tax years 1994 through 2001 and did not report any of the income he received during those tax years.

---

[3]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code) in effect for the years in issue.

**[\*11]** Mr. Cryer failed to maintain and to submit for examination by respondent complete and accurate books and records of his income-producing activities for those years. As a result, respondent used a bank deposits analysis.

The presence or absence of fraud is never presumed but is a question of fact that must be established by affirmative evidence. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), aff'd without published opinion, 578 F.2d 1383 (8th Cir. 1978); Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Respondent may prove Mr. Cryer's fraudulent intent by presenting affirmative proof that he intended to evade taxes that he knew or believed that he owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. See Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), aff'g T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Respondent may also prove Mr. Cryer's fraudulent intent by means of circumstantial evidence where direct evidence is unavailable. See Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).

Mr. Cryer failed to report the following amounts of taxable income he received during the tax years 1994 through 2001:

**[*12]**

| Year | Amount |
|------|-----------:|
| 1994 | $40,828.65 |
| 1995 | 54,395.14 |
| 1996 | 39,406.15 |
| 1997 | 41,297.70 |
| 1998 | 33,777.22 |
| 1999 | 33,218.77 |
| 2000 | 18,483.02 |
| 2001 | 50,738.89 |

The substantial amounts of taxable income Mr. Cryer failed to report for the tax years at issue are evidence of his fraudulent intent for those tax years. See Ballard v. Commissioner, 740 F.2d 659 (8th Cir. 1984), aff'g in part, rev'g in part T.C. Memo. 1982-466; Marcus v. Commissioner, 70 T.C. 562 (1978), aff'd without published opinion, 621 F.2d 439 (5th Cir. 1980); United States v. Diehl, 460 F. Supp. 1282 (S.D. Tex. 1978), aff'd, 586 F.2d 1080 (5th Cir. 1978).

Furthermore, in the fall of 2003 Mr. Cryer submitted income tax returns for 1994, 1995, 1996, and 1997 to the State of Louisiana listing the amounts of $34,310, $25,793, $43,718, and $59,877, for the years 1994, 1995, 1996, and 1997, respectively, on line 7 (Federal adjusted gross income) of the Louisiana individual State income tax returns for those years. Attached to each of those

[*13] returns was a statement in which Mr. Cryer wrote he "entered the total of all income received during the tax year".

La. Rev. Stat. Ann. sec. 47:42A (2001), which was in effect during the tax years 1994 through 2001, provided that "Gross income includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * or from professions, vocations, trades, businesses * * *[and] from interest * * * or the transaction of any business carried on for gain or profit". La. Rev. Stat. Ann. sec. 47:161A (2001), which was also in effect during the tax years 1994 through 2001, provided that "[i]n the case of a resident individual, items of gross income * * * from whatever source received * * * shall be included in the taxpayer's return and the amount of the tax shall be computed upon the entire income from whatever source derived". Mr. Cryer's Louisiana income tax returns for 1994, 1995, 1996, and 1997 are admissions that he knew that the income he received during those tax years was taxable as gross income under the laws of the State of Louisiana.

Those Louisiana income tax statutes are similar to the Code, which provides that gross income means all income from whatever source derived, including compensation for services (including fees) and gross income derived from business. Sec. 61(a)(1) and (2). Accordingly, Mr. Cryer, who was a practicing

**[*14]** attorney in Louisiana during those tax years, knew or should have known that the income he received at least during the years 1994-97 was taxable as gross income under the Code.

Nevertheless, in the statements attached to his Louisiana income tax returns for tax years 1994, 1995, 1996, and 1997 Mr. Cryer alleges that none of the income he reported on those tax returns "can be regarded as 'Federal Adjusted Gross Income'." In those statements Mr. Cryer also alleged that he "did not have any taxable items of income from a taxable source (Federal gross income and Federal gross adjusted income) as defined by the provisions of the Code (title 26, United States Code), and the Code of Federal Regulations during the year" of that return. Furthermore, in his January 26, 2001, letter in response to the revenue agent's January 10, 2001, letter requesting that he produce certain documents, Mr. Cryer wrote: "I have no records of having any taxable items of gross income from a taxable source for the years listed in your letter, 1993-1999."

In essence, Mr. Cryer claimed that the income he received during the tax years at issue from certain "sources" was taxable under Louisiana law, but not under Federal law. In United States v. Clayton, 506 F.3d 405, 412 (5th Cir. 2007), the Court to which an appeal would lie in this case, cited and followed its prior unpublished opinion holding that "the argument that income derived from sources

**[*15]** within the United States" is not taxable under Federal law is "patently frivolous" and "absurd".

In his January 26, 2001, letter Mr. Cryer also wrote: "I note that none of the enclosures, some of which request information and/or documentation, have OMB control numbers, indicating to me that they are not official requests requiring a response." In Lonsdale v. United States, 919 F.2d 1440, 1445 (10th Cir. 1990), the court held that "the Paperwork Reduction Act is inapplicable to 'information collection request' forms issued during an investigation against an individual to determine his or her tax liability." See also 44 U.S.C. sec. 3518(c)(1)(B)(ii) (2002).

Mr. Cryer's allegations that (a) income of a U.S. citizen earned in and while a resident of a State is not taxable under the Code and (b) that documents issued by the Internal Revenue Service without OMB numbers are invalid have repeatedly been rejected by this Court as well as other Federal courts. United States v. Bell, 414 F.3d 474, 475-476 (3d Cir. 2005); United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991); Williams v. Commissioner, 114 T.C. 136, 138-139 (2000); McDougall v. Commissioner, T.C. Memo. 1992-683, aff'd without published opinion, 15 F.3d 1087 (9th Cir. 1993).

[*16] Additional evidence of the fact that Mr. Cryer had but failed to report taxable income during at least some of the tax years at issue is found in two loan applications he submitted to banks. In a loan application Mr. Cryer signed on April 28, 1995, and gave to Minden Bank & Trust Co., he listed $50,000-$75,000 per year in the block entitled "Your Present Gross Salary or Commission". Similarly, in a loan application date stamped January 18, 2001, that Mr. Cryer gave to Regions Bank, he listed $6,000 in the field entitled "Gross Monthly Income" and $1,500 in the field entitled "Other Monthly Income".

The facts supporting respondent's determination that Mr. Cryer fraudulently and with intent to evade taxes failed to file Federal income tax returns reporting his taxable income and income tax liabilities for the tax years 1994 through 2001 include but are not limited to the following:

(1) Mr. Cryer's awareness of requirements under the Internal Revenue Code for filing returns as evidenced by the Federal payroll tax returns he filed for his law practice during each of the tax years 1994 through 2001;

(2) Mr. Cryer's failure to file a Federal income tax return for any of the tax years 1994 through 2001;

**[*17]**  (3) Mr. Cryer's failure to maintain and submit to respondent complete and accurate records of his sole proprietorship law practice for 1994 through 2001;

(4) Mr. Cryer's failure to report any of his gross receipts from his sole proprietorship law practice;

(5) Mr. Cryer's failure to report any of the other income he received;

(6) Mr. Cryer's admissions on his Louisiana income tax returns that he received income that was taxable under Louisiana law during the tax years at issue;

(7) Mr. Cryer's acknowledgments on loan applications that he submitted to banks that he had taxable income During some of the years at issue; and

(8) Mr. Cryer's eight-year pattern of such activity.

These facts, taken together, satisfy respondent's burden of proving fraudulent intent and establish that Mr. Cryer is liable for additions to tax under section 6651(f) for the tax years 1994 through 2001.

[*18] II.   Additions to Tax for Failure To Timely Pay Tax

Because Mr. Cryer did not file Federal income tax returns for 1994 through 2001, respondent prepared substitutes for returns.  See sec. 6020(b).  Additionally, Mr. Cryer has never made any payments for his Federal income tax for any of the years.  See, e.g., Asbury v. Commissioner, T.C. Memo. 2011-107.

Section 6651(a)(2) provides that if a taxpayer fails to pay taxes, unless the failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on the return an amount equal to 0.5% for each month during which the taxpayer continues to fail to pay such taxes, not exceeding 25% in the aggregate.  The record shows no basis to find reasonable cause.  Accordingly, imposition of the additions to tax under section 6651(a)(2) for 1994 through 2001 is justified.  See Pryor v. Commissioner, T.C. Memo. 1994-287.

III.   Additions to Tax Under Section 6654 for Failure To Make the Required
     Estimated Tax Payments

Section 6654(a) provides that if a taxpayer underpays estimated taxes, there shall be added to the tax an amount determined at the annual rate established under section 6621 on the amount of the underpayment for the period of said underpayment.  In this case, despite receiving gross receipts from his sole

**[*19]** proprietorship law practice, nonemployee compensation capital gains, interest income, and royalties during 1994 through 2001, Mr. Cryer made no estimated tax payments for any of those years.  Accordingly, the imposition of the additions to tax for Mr. Cryer's failure to pay his estimated tax for the years 1994 through 2001 is justified.  See Ballmer v. Commissioner, T.C. Memo. 2007-295; Horner v. Commissioner, T.C. Memo. 1994-447.

To reflect the foregoing and concessions by respondent,

Decision will be entered

under Rule 155.